## Heasley's Estate. No. 2.

*W. N. Conrad,* for petitioner.

*Raymond E. Brown* and *Matthew A. Crawford,* contra.

GRAFF, P. J., thirty-third judicial district, specially presiding, March 23, 1935.—This matter comes before us upon a petition for a citation upon Bess H. Heasley to file an account in the estate of Harry Blaine Heasley, deceased.

Harry Blaine Heasley died upon December 12, 1927, testate, naming E. Grant Heasley as his executor in the will. Under the terms of the will he provided as follows:

"8. All the rest, residue and remainder of my estate, be the same personal or real, I give, devise and bequeath unto E. Grant Heasley, my brother, absolutely and in fee simple."

The will further provided:

"In explanation of the foregoing eighth paragraph of this my last will and testament, I desire to say that I have thus made my said brother, E. Grant Heasley, my residuary legatee and devisee, not because of any ill will toward my sister and other brothers, or because of any lack of affection for them, but because my said brother is responsible for whatever money and property I have accumulated, in that he has always persistently urged and counseled me to save and I have, in a measure, during recent years, acted upon his advice. I do this, know-

ing full well that my said brother will continue to assist and treat fairly my sister and other brothers, as he has in the past."

The will further provided that the executor should not be required to file an inventory and appraisement, or any partial or final account.

An effort was made to have the will declared invalid, subsequent to the date of the death of the testator. Upon that hearing E. Grant Heasley testified that he had discussed the will with his brother, Harry Blaine Heasley, in January, 1927, immediately following its execution. He further stated as follows:

"I know I am to hold the moneys to keep Ed out of the County Home, if it becomes necessary. That is what I understood I was to do with it. After he died I told Ed, 'You can stay in this house as long as you want to, and it won't cost you a cent.' So far as the will is concerned, I think I would be better off if you were to break the will, but it is a matter of honor with a dead brother."

If a trust was created in favor of Edward M. Heasley, it must be found to have arisen because of the provisions in the will, and the statements of E. Grant Heasley. To impose a trust on personal property, the law requires explicit and direct averment, showing conclusively that a trust has been created. The acts or words relied upon must be unequivocal, plainly implying that the person holds the property as trustee. The law is most exacting in this respect; otherwise a trust could easily be fraudulently imposed upon the property of decedents' estates. The proof of the existence of a trust must be clear and specific: Wallace's Estate, 316 Pa. 148.

It appears that there is now in the hands of the administratrix of the estate of E. Grant Heasley personal property derived from the estate of Harry Blaine Heasley. Edward M. Heasley has been for years a drunkard, and the subject of concern to other members of his family. It is evident that this concern was felt by Harry Blaine Heasley when he discussed with his

brother, E. Grant Heasley, the future of the petitioner in this case. To sustain the contention of the petitioner would cause the entire residue of the estate of Harry Blaine Heasley to be held in trust for him. The most that can be said for the declarations of E. Grant Heasley at the time of the will contest is that the testator wished, or hoped, that Edward M. Heasley could be kept from the county home. There is no specific and positive direction, either in the will or in the declarations, that such should be done to such an extent as to create the alleged trust. The statements are not inconsistent with other relationships, considering them as a whole. The will clearly and explicitly granted the residue of the estate absolutely and in fee simple to E. Grant Heasley, and stated the reasons therefor. Undoubtedly the testator desired E. Grant Heasley to have a substantial part of his estate as his own.

The petitioner waited for a period of more than 7 years before instituting any proceeding to have a trust declared. He sought to have the will set aside, which was unsuccessful. Knowing at that time all that is offered in support of his petition, surely it was his duty to have proceeded further, and not wait until the death of E. Grant Heasley, who is the only person who could now enlighten us as to what actually transpired between him and the deceased. The facts do not disclose a positive, direct and unambiguous creation of a trust. We are therefore of the opinion that the petition should be dismissed.

### Order

And now, March 23, 1935, the petition is dismissed, and the citation heretofore issued discharged.