## In re Gorkiewicz's Trust

*J. B. Colahan*, for petitioner.
*Ira Jewell Williams, Jr.*, for respondent.

SINKLER, J., March 27, 1942.—The preliminary objection raises the question whether the allegations contained in the petition, admitted to be true for the purpose of the present argument, suffice to constitute ground for the relief we are asked to grant petitioner.

We are agreed that this question be determined in favor of petitioner.

The preliminary objection is dismissed, with leave to the objector to file his answer to the petition.

Statements made at the oral argument by counsel for petitioner relating to events occurring after the

filing of his brief have been set forth in a stipulation which has been signed by counsel and is annexed hereto and made part of the record.

KLEIN, J., dissenting.—Petitioner alleges that her deceased husband remitted the sum of $8,700 to his son, the respondent, for investment, the income therefrom to be paid to the father. Petitioner then states that prior to March 8, 1937, the father advised the son, in writing, that it was his wish that at his death the principal of the fund "should go to said son." Petitioner avers, further, that on September 21, 1937, the father, by a written instrument, created a trust in which he directed his son, after his, the father's, death, to send the interest to petitioner until her death. Petitioner contends that an acknowledgment of this trust is contained in a letter of the son dated a year later, of which only a portion is attached to the amended petition.

Under these circumstances, I cannot agree that petitioner has established the fact that a trust was created in which she has any interest. If her husband conveyed an absolute interest in the principal to his son prior to March 8, 1937, what legal right did he have to change the provisions of the gift on September 21, 1937? Even if he had this right, the instructions in the letter are at best precatory.

Furthermore, the alleged acknowledgment of the son contained in the fragment of the letter is vague and uncertain. It is dated September 4, 1938, and does not clearly indicate that it is in response to the letter of September 21, 1937, nor that it refers to the same fund as the $8,700 in question.

It is well established that a trust must be created by clear and unambiguous language or conduct. See Wallace's Estate, 316 Pa. 148 (1934), and Tunnell's Estate, 325 Pa. 554 (1937). Petitioner, in my opinion, has not met the burden which is placed upon her by law to establish a trust in her favor.

I would sustain the preliminary objections.