Baroutsis, Appellant, v. Gregory et al.

Argued October 28, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Arthur C. Dale,* for appellant.

*James C. Furst,* for appellee.

OPINION BY BALDRIGE, J., January 27, 1944:

The plaintiff, Paul, known also as Polydoros, Baroutsis, brought this action of ejectment against George J. Gregory, P. J. Gregory, N. Gregory, and James Gregory, to recover a rectangular piece of ground fronting 7 inches on South Allen Street in the Borough of

State College and extending back therefrom at right angles 45.34 feet, containing 3808.56 square inches. The case was tried before Judge W. WALLACE SMITH, specially presiding without a jury, and resulted in a finding and judgment in favor of the defendants as the question in dispute had been the subject of a former ejectment action and was therefore res judicata. This appeal followed.

The parties to this action owned adjoining lots upon which improvements were erected. The dividing line between the properties has been in dispute for some years. Baroutsis previously brought an action in ejectment against George J. Gregory to No. 216 September Term, 1929, to recover a strip of land fronting $3\frac{1}{2}$ inches on South Allen Street and extending back 45.34 feet containing 2040.3 square inches. The correct location of the dividing line extending back from South Allen Street some 45 odd feet was then in controversy. The jury determined its location as plaintiff alleged. Now he claims the location of the dividing line he contended for in his first action was incorrect and relies on another as proper and wants possession of an additional strip with a frontage of 7 inches and a depth of 45.34 feet. The plaintiff in this action is the same as in the last action and George J. Gregory is a defendant in each action. In the latter, three additional defendants, to whom George J. Gregory conveyed undivided interests by deed duly recorded, were added as parties. The land in controversy in the former suit and this one is claimed by the plaintiff to be part of lot 46 in a plan of lots laid out by E. C. Humes and James A. Beaver, located in the Borough of State College. The defendants' lot immediately adjacent is known as lot 48 in the same plot. The boundaries of the plaintiff's lot and the chain of title are the same in both actions and it is not claimed that there has been any eviction after the first action. The plaintiff relies on an aver-

ment of a mistake of counsel in describing the land involved in the first case. That appears in paragraph 6 of a declaration which reads as follows: "6. Plaintiff avers that by a misunderstanding by his counsel in the former suit between the plaintiff and George J. Gregory to No. 216 September Term, 1929, the description in said suit failed to include the premises in dispute between the plaintiff and defendant because counsel read tenths of foot for inches, and said mistake was not discovered until after the trial of said case, and verdict in the same."

While it is true, as appellant states, that the two actions are for different pieces of ground the same question, namely the location of the correct division line, was the pivotal issue in both actions. If appellant's theory is correct he might, by suing to recover only a part, instead of all, of the land he actually claims, subject a defendant to a series of suit. That cannot be done. A defendant would be entitled to relief from such an intolerable situation. The first trial resulted in a final, unappealed from, judgment, and determined the location of the disputed division line. It is true, as appellant argues, that to successfully invoke the rule of res judicata there must be a concurrence of four conditions: (1) identity of the thing sued for; (2) identity of the cause of the action; (3) identity of persons and parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made: *Bennett, Trustee v. Erwin et al.*, 325 Pa. 330, 333, 189 A. 675.

The Supreme Court, however, has said that the doctrine of res judicata must not be construed too rigidly and restricted by technical requirements. A judgment is binding not only on parties, but all who are in privity with the actual parties on the record and have a mutual and successive relationship to the same rights of property. "The thing which the court will consider is

whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule ...... If, then, the issues in the present case could have entered into the determination of the first case, they should have been presented; and if they were omitted for any cause, the judgment or decree entered thereon is conclusive between the parties or their privies." *Hochman v. Mortgage Finance Corporation et al.,* 289 Pa. 260, 263, 264, 137 A. 252. See, also *State Hospital for Criminal Insane v. Consolidated Water Supply Co.,* 267 Pa. 29, 37, 110 A. 281, wherein it is held that the purpose underlying res judicata is that general welfare requires litigation not to be interminable; that matters expressly put in issue and every component fact involved and determined by a court of competent jurisdiction as to parties and subject matter should not be retried between the same parties in any subsequent suit in any court. See, also, *People's Water Company v. Pittston,* 241 Pa. 208, 88 A. 503.

The rule we are considering is aptly stated in 30 Am. Jur., Judgments, §172, as follows: "A final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action ...... §173. The rule precluding relitigation of the same cause of action between the same parties or their privies is applicable where the plaintiff is successful in the first action, although all the relief to which he is entitled is neither requested nor granted in such action, and the former recovery in fact represents only a part of the damages

he suffered, since it is the general rule that if an action is brought for a part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim."

All the issues in dispute in the present case could have been raised in the previous case and the only reason alleged for not doing so was through the oversight of counsel.

The learned trial judge in a well reasoned and exhaustive opinion correctly held that the rule of res judicata invoked by defendants prevents a recovery in this action.

Judgment is affirmed.