## City of Lebanon v. Schaffer et al.

*Walter C. Graeff*, for plaintiff.

*William H. Egli*, of *Becker & Ehrgood*, for defendants.

EHRGOOD, P. J., November 15, 1946.—This proceeding was instituted by the petition of plaintiff praying for a declaratory judgment and decree that said plaintiff, the City of Lebanon, holds a vested title, in fee simple, to certain real estate devised to it under the will of John H. Louser, deceased. Defendants filed an

answer admitting the facts alleged in plaintiff's petition. No hearing was held, wherefore the matter is before us for determination upon the averments contained in the bill and answer. From the admissions contained in the pleadings we make the following

*Findings of fact*

1. John H. Louser died, a resident of the City of Lebanon, Pa., on June 2, 1942, testate, being seized and possessed, in fee, inter alia, of certain real estate, consisting of a two and one-half story frame business and dwelling house situate at 720-22 Cumberland Street, in the City of Lebanon, and two-story frame and brick dwelling houses numbers 743-45 Walton Street, in said city, particularly described in plaintiff's petition.

2. Said decedent's last will and testament, dated June 1, 1940, was duly probated in the office of the register of wills of Lebanon County, recorded in Will Book "I", page 724, in said office.

3. The said will of said decedent provides, as follows:

"The last will of John H. Louser, of Lebanon, Pa.

"I give and devise all my property in South Annville Township, to the Township of South Annville, Lebanon County, Pa., to hold in perpetuity in memory of John H. Louser, and to be very liberally construed.

"All the rest of my property to go to and devised to City of Lebanon, Pa., in perpetuity in memory of John H. Louser.

"Executors to be legal representatives of both companies.

"John H. Louser        (Seal)

"June , 1940

"Codicil, to Beulah Spang Doupler, of Lancaster, Pa., I give, devise and bequeath for the period of her life, property No. 116, 118 South Ninth Street, Leba-

non, Pa., and upon her decease the same shall go to the City of Lebanon, its legal representatives has been the executors of the property.

"My hand and seal affixed this first day of June, 1940.

"John H. Louser        (Seal)"

4. Decedent, unmarried and without issue, was a member of the Lebanon County bar, but, for a number of years prior to his death, was not active in the practice of his profession.

5. Plaintiff, City of Lebanon, after the death of said decedent, went into possession of the real estate of said decedent, situate 720-22 Cumberland Street, and 743-45 Walton Street, in said City of Lebanon, and, after due and full advertisement, exposed the said premises to public sale, on August 8, 1946, for sale to the highest bidder, for the best and highest price bid at such sale.

6. The successful bidders at said sale of said premises were Max Schaffer, Esther Schaffer and Norman Schaffer, they having bid a price of $92,250, which was the highest and best price bid at such sale.

7. On August 8, 1946, plaintiff and defendants entered into a written agreement whereby defendants agreed to purchase the above described premises, at the bid price, and plaintiff agreed to sell and convey the same by deed of conveyance, in fee simple.

8. On September 2, 1946, plaintiff, as grantor, tendered to defendants, as grantees, a deed of conveyance conveying said premises, in fee simple, duly executed and acknowledged.

9. Defendants have refused to accept delivery of said deed, having refused to perform their obligation to purchase said premises, under the terms of said agreement of sale, dated August 8, 1946, stating as their reason that plaintiff is not the owner, in fee simple, of said premises, in that the will of decedent is

subject to and permits of the interpretation that the City of Lebanon was declared a trustee of said premises by said will; that the said premises were the subject matter of a trust; that plaintiff cannot legally make sale and transfer title to said premises without first obtaining an order of court permitting such sale.

## Discussion

The question for our determination is whether or not the City of Lebanon became the owner of decedent's real estate in fee simple, by virtue of the provisions contained in his last will and testament, whereby it can transfer and convey a good and marketable title, in fee simple, to defendants.

Defendants contend that a trust was created by the use of the words "in perpetuity" and "in memory of John H. Louser".

It was held in Brubaker et al. v. Lauver et al., 322 Pa. 461, 462, et seq.:

"While no particular form of words or conduct is necessary to create a trust, the declaration of intention to establish one must be definite, clear and explicit, and embody all the essential elements: see Bair v. Snyder Co. State Bank, 314 Pa. 85, 89; Wallace's Estate, 316 Pa. 148, 151; Restatement, Trusts, section 23 and comments. The conduct or language relied upon must impose enforceable duties upon the transferee as distinguished from a mere suggestion or wish that the transferee should use or dispose of the property in a certain manner; and the beneficiary must be definitely ascertainable: Lawrence v. Godfrey, 296 Pa. 474; Smith's Estate, 144 Pa. 428; Restatement, Trusts, sections 25 and 112."

The will does not express a final and definite intention to create a trust. It is stated in A. L. I. Restatement of Trusts, sec. 123, comment a:

"No trust, of course, arises if the transferor did not manifest an intention to create a trust (see §§25, 417, Comment c).

If the intended purpose is so broad as to manifest an intention on the part of the transferor to make a beneficial gift to the transferee, the transferee holds the property free of trust."

The A. L. I. Restatement of Trusts, sec. 125, comment *b* states:

"If the transferor manifests an intention to give the property to a person for his own benefit, no trust arises and the transferee may do as he likes with the property."

Decedent's expression in his will: "All the rest of my property to go to and devised to City of Lebanon", gives to said city an absolute estate. The Wills Act of June 7, 1917, P. L. 403, sec. 12, 20 PS §224, provides "all devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of *perpetuity*, unless it appear by a devise over, or by words of limitation or otherwise in the will, that the testator intended to devise a less estate". But it is contended that the words which follow, "in perpetuity, in memory of John H. Louser", indicate an intention to create a trust. With this contention we cannot agree. The words "in perpetuity", as used by testator, were intended to mean of endless duration, and not a limitation upon alienation, nor do they clearly, explicitly and definitely establish that testator intended to create a trust.

The words, "in memory of", given their natural construction, were used by testator as an expression of his reason for making an absolute gift to the City of Lebanon. It is a common practice for donors making gifts or contributions of property to charitable, educational, religious or other institutions or funds, to state that such gifts are made "in memory of". These words are not apt nor sufficient to indicate an intention on the part of testator to create a trust, charitable or otherwise, and convey no such meaning to us. The res is

sufficiently described, the beneficiary is indefinite, and no enforcible duties are imposed upon the transferee.

The contention that testator intended to make an absolute gift of the residue of his estate to the City of Lebanon is further strengthened by the language used in the codicil attached to his will, namely:

"To Beulah Spang Doupler, Lancaster, Pa., I give, devise and bequeath for the period of her natural life, property No. 116 and 118 South Ninth Street, Lebanon, Pa., and upon her decease shall go to the City of Lebanon."

The latter expression, "upon her decease shall go to the City of Lebanon", clearly expresses an intention to make an absolute gift and devise to the City of Lebanon, in fee.

### Declaratory judgment

And now, to wit, November 15, 1946, it is adjudged and decreed:

1. Decedent, John H. Louser, deceased, under the terms of his last will and testament, intended to make an absolute gift of his residuary estate to the City of Lebanon, Pa.

2. Said decedent, under the terms of his last will and testament, did not intend to create a trust, charitable or otherwise, of his residuary estate.

3. The City of Lebanon by virtue of the devise contained in the last will and testament of decedent, took title to an absolute estate, in fee simple, to the real estate contained in the residuary estate of decedent.

4. The City of Lebanon can, legally, sell and convey the premises situate at 720-22 Cumberland Street, and 743-45 Walton Street, in the City of Lebanon, Pa., formerly the premises of said John H. Louser, deceased, and a part of his residuary estate, to defendants in this proceeding, and deliver an absolute title, in fee simple.

5. Costs of this proceeding to be paid by petitioner.