## Rutizer v. Freeman

*Albert H. Friedman*, for plaintiff.
*Blumberg & Sork*, for defendant.

SMITH, P. J., October 9, 1950.—This case comes before the court where a jury trial had been waived by the parties.

The action is in assumpsit on three checks on the Broad Street Trust Company, signed by defendant. The first check is dated November 7, 1947, made to the order of Sarah Rutizer (daughter of plaintiff) in the sum of $1,000, and endorsed in blank by her. The second check in the sum of $1,000 is dated 1947 with no month or day stated and the name of the payee left blank. This is also endorsed in blank by Sarah Rutizer.

The third check is dated 1947 with the month and day left blank with the name of the payee being Frances Rutizer (daughter of plaintiff) and in the amount of $1,150, and endorsed in blank by Frances Rutizer. The checks were offered in evidence together with a tab of the Broad Street Trust Company attached to the check, dated November 7, 1947, in the sum of $1,000, saying: "Returned Cash Items, Reason Closed." The total of the checks is in the sum of $3,150—the sum for which the suit is brought by the holder thereof, Joseph Rutizer, plaintiff.

The defense to this cause of action is that in an action brought in Atlantic County, N. J., by plaintiff against defendant on a promissory note in the sum of $9,200, before a judge and jury, the verdict of the jury at the trial held May 18, 1949, was for defendant, and that since in that action plaintiff and his daughters Sarah and Frances testified that there was nothing due plaintiff from defendant in addition to the sum of $9,-200, and also that at the time of the trial at bar, the attorney who had represented plaintiff in the New Jersey action testified to the same facts, that the verdict in New Jersey, unappealed from, in res judicata.

## Discussion

In the statement of claim plaintiff avers that he is a holder in due course of the three checks upon which he has instituted this action.

The affidavit of defense states that plaintiff is not a holder in due course for the following reasons: He had no dealings with either Sarah or Frances Rutizer but "All of the dealings between the parties (plaintiff and defendant) concerning said checks were between plaintiff and defendant directly" and not the daughters of plaintiff. The affidavit of defense, however, does not deny that the three checks were delivered to plaintiff. Thus while plaintiff has not proven by evidence that he

is a holder in due course, we may consider this matter as though he is a real or beneficial payee and subject to all the defenses had by defendant.

The defense presented by defendant is that the verdict of a jury for defendant in Atlantic County, N. J., unappealed from by plaintiff, is res judicata in the present cause of action.

The action in New Jersey was brought by plaintiff against defendant on a promissory note in the sum of $9,200 for money allegedly loaned by plaintiff to defendant on September 10, 1947. The promissory note was signed by defendant and that is all. The balance of the note was blank. The defense was that the note was not delivered to plaintiff in 1947 but 1938, that the note was not given for the sum of $9,200 for money loaned but as security for goods purchased from time to time by defendant, and that defendant had made regular payments for the merchandise so that he was not indebted to plaintiff in the sum of $9,200 or any other sum on the note. There were other technical defenses, to wit, that if the jury found that the note was delivered in 1938 that the suit commenced 10 years later was not within a reasonable time and, secondly, that if the body of the note, to wit, the date 1948 and the amount $9,200, was filled in by the attorney for plaintiff without notice to or the consent of defendant, then plaintiff had no cause of action. Judge Leonard, in Atlantic County, N. J., left the factual matters to the jury and a verdict was given for defendant. In that trial reference was made to the three checks for which this suit is brought, not that their making or delivery was material to the issue before the New Jersey court and jury, but to test the credibility of defendant in the New Jersey action in 1949.

We do not believe that the finding of the court in New Jersey is res judicata in the action on the checks in this case. The trial judge there specifically ruled

that they were not a part of the issue to be determined by that jury. When the counsel for plaintiff offered them to attack the credibility of defendant, Judge Leonard said:

"I assume there are other dealings between these people and there may or may not be any money due on these dealings, but this jury is not concerned with that question. You have sued on a specific note, and I am going to instruct the jury to disregard all questions concerning any other dealings. This case is limited to this one specific note. If you want to bring that into the case, you can add a count in your complaint for that. We are dealing with one specific note."

The court in its charge to the jury made it clear:

"We are only trying this specific isolated transaction between the parties. We are not concerned with other loans or transactions between the parties, only as the testimony might affect the credibility of the parties with respect to this one specific isolated transaction that we are trying here today."

On its face it will appear that the action in New Jersey is not res judicata to this action. To constitute a matter res judicata there must be a concurrence of the four following conditions:

1. Identity in the thing sued for;

2. Identity of the cause of action;

3. Identity of persons or parties to the action;

4. Identity of the quality in the persons for or against whom the claim is made.

Here manifestly there is not a concurrence of those four necessary conditions: Nevling v. Commercial Credit Company, 156 Pa. Superior Court 31, 35; Wallace's Estate, 316 Pa. 148, 158. The entire record of the court of Atlantic County has been put in evidence by both litigants. It contains considerable matter entirely irrelevant to the issue before this court, but it presents interesting evidence as relating to the veracity

of the several witnesses. Plaintiff and his two daughters, evidently to give substance to the claim on the note, testified under oath that the checks in question were payments on account of the note. Their attorney plainly was led by plaintiff to believe that this statement was true, because he made that statement in the action in New Jersey and before this court. We believe that the jury was justified in disbelieving this evidence. This is no reflection upon plaintiff's learned counsel in New Jersey.

Defendant testified that the checks were given to plaintiff by him for an entirely different and separate transaction. He admits the execution of these checks and having delivered them to plaintiff. While we have no exact knowledge which story the jurors believed, because they may have reached their verdict based upon one or more other defenses presented, we are faced with the fact that the checks with the sums mentioned and the names of the payees left blank, were delivered to plaintiff by defendant. There is no averment in the pleading that these checks were procured by fraud. There is no averment that there was any accident or mistake in their execution. There is no averment of a lack of consideration, therefore the law raises a rebuttable prima facie presumption that the checks are supported by a valuable consideration. Each check was not only signed by defendant but the amount of money is stated thereon. The fact that plaintiff at some time placed the name of his daughter as payee of the otherwise completed check does not invalidate it. A defendant who makes and delivers a check for a consideration should under the ordinary orderly process of business expect to have to pay it. Then again the first check which was taken to the Broad Street Trust Company for payment was returned—account closed. It would be futile to have to deposit the other two checks for payment.

After a full consideration of this simple issue which has been complicated by the actions of the parties themselves, we believe that plaintiff has proven a good cause of action on the three checks sued upon and we therefore make the following

*Finding of the Court*

Now, October 9, 1950, the court finds for plaintiff against defendant in the sum of $3,648, with interest from this date.