## King v. United States Steel Co.

Before Kennedy, Duff and Lewis, JJ.

*Samuel J. Goldstein,* for plaintiff.

*Walter T. McGough, P. K. Motheral* and *Reed, Smith, Shaw & McClay,* for defendant.

LEWIS, J., December 28, 1954.—This matter comes before the court on a motion for judgment on the pleadings filed by defendant, United States Steel Company.

On July 29, 1935, the Equitable Life Assurance Society of the United States issued to the United States Steel Corporation its life insurance policy no. 4600 to take effect July 1, 1935, insuring the lives of all eligible employes of said United States Steel Corporation. By various amendments and riders this policy was extended to cover the employes of a large number of subsidiaries of the United States Steel Corporation, including the corporation now known as the Carnegie-Illinois Steel Corporation.

On July 1, 1935, an individual policy of insurance under the group life insurance policy no. 4600 was issued to Alexander King, complainant's assured, as an employe of the Carnegie-Illinois Steel Corporation for the sum of $1,500 and bearing date July 1, 1935, said Alexander King, complainant's assured, being on that date an employe of the Carnegie-Illinois Steel Corporation.

The master group policy hereinbefore referred to, as well as the individual policy issued thereunder, were both in full force and effect on October 15, 1945. Numerous riders were attached to the individual policy of Alexander King from time to time changing the beneficiary, the last named beneficiary being "Kizzia King —Wife", effective as of April 7, 1944. On September 2, 1942, the insurance under the individual policy of Alexander King was increased to $2,000.

The said Alexander King was notified on October 15, 1945, that his group life insurance policy would be cancelled within 30 days of the date of notice, and was advised of his right of conversion under the pro-

visions of the policy and the certificate. The reason given for the termination of the policy was because of the fact that the insured had reached the retirement age of 65 years, and in addition, that he was not able to work because of disability.

On November 7, 1945, a bill of complaint at no. 1838, January term 1946, was filed by the said Alexander King against the Carnegie-Illinois Steel Corporation, a subsidiary company of defendant, United States Steel Company, in which complainant requested the court to restrain defendant from terminating the policy of group insurance. The court, after a hearing, filed an adjudication on September 17, 1946, in which the court held that the Carnegie-Illinois Steel Corporation was not required by the termination clause of the group life insurance policy, hereinbefore referred to, nor by the certificate issued to the said Alexander King, to continue the insurance coverage on the life of said Alexander King, and dismissed the bill of complaint.

On November 16, 1945, in accordance with a notice served on the insured on October 15, 1945, the insurance coverage of the said Alexander King was terminated by the United States Steel Corporation.

At no. 3171, October term 1949, plaintiff in the above entitled case, Kizzia King, filed a suit against the Equitable Life Assurance Society of the United States, the insurance carrier of the group insurance policy hereinbefore mentioned, in an effort to recover the amount of insurance coverage on the life of Alexander King. The case came on for trial on May 5, 1952, and a compulsory nonsuit was entered against plaintiff on the theory that the employer had terminated the insurance coverage on November 16, 1945.

At no. 2493, July term 1952, plaintiff in the above entitled case filed a suit in assumpsit against defendant, United States Steel Company, claiming that the

failure to recover the amount of insurance in her suit against the Equitable Life Assurance Company was due solely to the misconduct of defendant in wrongfully terminating decedent's insurance coverage on November 16, 1945.

Defendant then made a motion for judgment on the pleadings on the ground that the issues raised in the present suit of assumpsit were the same issues that were raised or could have been raised in the case of Alexander King versus the Carnegie-Illinois Steel Corporation, and that the decree and order of Judge Thompson in that case makes the present proceedings res judicata.

Plaintiff argues in the suit filed at no. 2493, July term 1952, that the company violated its own rules adopted May 25, 1935, and revised February 20, 1945, relative to the termination of employment for group insurance purposes, when it refused to carry on the insured's policy of insurance after he became disabled.

Counsel for plaintiff argues that when the company violated its rule and refused to continue the insurance for a period of two years after the insured was disabled, the company was derelict in its duty toward the insured for which a suit for damages lies by the beneficiary.

Counsel for plaintiff also argues that the matter is not res judicata because the cause of action is based on an entirely different theory than the suit filed at no. 1838. January term 1946.

Plaintiff while admitting that this same theory of recovery could have been advanced in the prior suit filed by the insured, says the rules of the company on which he now relies were not physically attached to the policy, and he had no knowledge of the existence of the rules at the time of the filing of the equity suit on November 7, 1945.

The attorney for plaintiff advances another addi-

tional reason why the beneficiary is entitled to recover against the company, namely, that the company violated the union rules in not carrying on the insurance after the insured became disabled.

The rule seems to be when a court of competent jurisdiction has determined a litigated case on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject matter then before the court: Wallace's Estate, 316 Pa. 148.

We are of the opinion that plaintiff beneficiary in this case is bound by the prior decision entered by Thompson, J., of this court at no. 1838, January term 1946, since she was in privity with the insured, and party defendants in both cases are one and the same.

A person is in privity with a former party and is bound by the former judgment where a mutual or successive relationship to the same rights of property exists: Baroutsis, Appellant, v. Gregory et al., 154 Pa. Superior Ct. 136.

The same issued raised in the instant case by plaintiff to sustain her right of recovery was raised or could have been raised in the suit filed at no. 1838, January term 1946.

We are, therefore, of the opinion that when Judge Thompson ruled in the case filed at no. 1838, January term 1946, that the Carnegie-Illinois Steel Corporation was not required by the termination clause of the group life insurance policy nor by the certificate issued to the said Alexander King to continue the insurance coverage on the life of the said Alexander King, the

matter became res judicata, and the same issue could not be raised again by the insured or by a party in privity with the insured.

Therefore, the motion for judgment on the pleadings filed by defendant should be granted.

*Order of Court*

And now, to wit, December 28, 1954, after hearing arguments of counsel and reading of the briefs as submitted, it is ordered and decreed that the motion for judgment on the pleadings filed by defendant, United States Steel Company, be granted.

Eo die, exception noted to plaintiff and bill of exception sealed.