## Bonnie Heights Homes, Inc., v. Carstetter

*James D. Flower*, for plaintiff.
*Dale F. Shugart, Jr.*, for defendant.

WEIDNER, *J.*, June 4, 1975—Plaintiff, Bonnie Heights Homes, Inc., filed this action in assumpsit on October 11, 1974, alleging liability on the part of defendant, Paul T. Carstetter, for breach of contract for the performance in an unworkmanlike manner by defendant's employes. Defendant filed an answer containing new matter and plaintiff filed a reply. Defendant then filed a motion for judgment on the pleadings, contending that plaintiff has failed to state a claim on which the requested damages may be awarded and/or that plaintiff's action is barred by the doctrine of res judicata or collateral estoppel. After the submission of written briefs and oral arguments, judg-

ment on the pleadings is hereby granted in favor of defendant.

On October 7, 1971, plaintiff sold a modular home to Richard and Carole Orbock to be placed on a concrete block foundation. Plaintiff then allegedly employed defendant to perform this task, during the course of which both the home and the foundation were damaged. Orbock then sued defendant in trespass for damages resulting from defendant's alleged unworkmanlike performance (no. 47 September term, 1973). An additional defendant, Sherman Aungst, Jr., was joined and judgment was subsequently entered in favor of both defendants. Because plaintiff alleges the same unworkmanlike performance and claims the same damages as Orbock, plus certain additional damages stemming from the placement of the mobile home, defendant asserts the doctrines of res judicata and collateral estoppel are applicable.

The distinction between collateral estoppel and res judicata is that the former is much broader in scope. The necessary elements for each are set out in Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260 (1974). There the court stated that collateral estoppel requires only that the issue or issues of fact be the same in both cases and that the party against whom the defense is asserted be the same (or one in privity to the party of the prior action), while res judicata requires identity of the thing sued upon, identity of the cause of action, identity of the parties (or one in privity to a prior party), and identity of the capacity of the parties.

Applied to the present case, it is apparent that res judicata is inapplicable due to the difference in the causes of action. However, as this restriction does not apply to collateral estoppel, the necessary ele-

ments are present for this doctrine. While plaintiff contends that collateral estoppel is inapplicable because the prior action involved not only the question of defendant's negligence but also the question of the relationship between defendant and Aungst, plaintiff, in his pleadings, has referred only to defendant and Aungst in connection with the placement of the mobile home. The prior action resulted in a judgment in favor of both defendant and Aungst, demonstrating a finding that neither was negligent. Therefore, the relationship between the two is irrelevant to the question of defendant's unworkmanlike performance. Thus, this factual issue has been resolved by the prior action.

As regards the privity requirement between plaintiff and Orbock, the pleadings are not conclusive on the matter. However, in order for plaintiff to have a cause of action for the damages claimed, there must be some agreement between plaintiff and Orbock whereby plaintiff is or was responsible for any damages incurred during the placement of the home. Generally, privity is present when the parties have a mutual or successive interest in property: Baroutsis v. Gregory et al., 154 Pa. Superior Ct. 136 (1943). Therefore, any such agreement between plaintiff and Orbock would have the effect of privity for the purpose of collateral estoppel. Further, a major consideration in determining the existence of privity is whether the present party had an opportunity to appear and protect his rights at the prior action: Stevenson v. Silverman, 417 Pa. 187 (1965). Plaintiff has admitted that it was represented at the prior action by its president, Kenneth I. Glotfelty. Consequently, plaintiff is barred in this action by the doctrine of collateral estoppel, or, in the alternative, has failed

to state a cause of action upon which the requested relief may be granted.

## ORDER OF COURT

And now June 4, 1975, for the foregoing reasons, defendant's motion for judgment on the pleadings is granted and judgment is entered in favor of defendant.