## Gary L. Butch *v.* East Lackawannock Township Zoning Appeal Board. East Lackawannock Township, Appellant.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy R. Bonner, Wherry, Ketler and Bonner,* for appellant.

*James A. Stranahan IV, Stranahan and Stranahan,* for appellee.

OPINION BY JUDGE DOYLE, June 9, 1983:

Before this Court is an appeal by East Lackawannock Township from a decision and order of the Court of Common Pleas of Mercer County requiring the East Lackawannock Township Zoning Appeal Board (Board) to grant a variance to Gary L. Butch (Appellee). We reverse.

In February of 1981, Appellee began to excavate his property for the purpose of constructing a building. Prior to the commencement of actual construction, a member of the Board informed him that he would need a setback variance just as he had obtained previously for the construction of another building on that property. Accordingly, Appellee submitted a variance application. Said application was not specific as to the actual distance of the variance desired. On March 13, 1981, a hearing was held at which no one opposed the proposed variance. Following the hearing, Appellee, based on his impression that the variance he sought had been granted, started actual construction of his building. On March 18, Dorothy Hurtt, a Board member, informed Appellee that he would have to stop work because he had not yet received a building permit and because the building was only eighteen feet from his property line abutting Hope Mill Road[1] while the variance which had been granted was for a setback of thirty-five feet.[2] Appellee received formal notice of the grant of the variance the following day. Thereafter, Appellee filed an appeal in the court of common pleas for the purpose of obtaining a variance which would permit him to keep the building where it was. Because no record had

---

[1] This fact was brought to the Board's attention by a neighbor of Appellee who telephoned Dorothy Hurtt after allegedly taking a measurement.

[2] The Township's zoning code requires a setback of seventy-five feet measured from the center line of the road.

36

been made of the March 13 Board proceeding, the court remanded the matter to the Board for the development of an official record of what had transpired. The hearing held for this purpose, by agreement of the parties, was conducted before a single member of the Board on April 21, 1981. Following the hearing, a decision was issued affirming the thirty-five foot setback line variance and denying any further variance.

Appellee again appealed the Board's action to the court of common pleas. This time the court, without taking additional evidence, reversed the Board and ordered a variance issued to allow Appellee to continue construction of his building at its present location.[3] The common pleas court's decision was predicated on a number of factors. First and foremost was its determination that four findings of fact and a conclusion of law crucial to the Board's decision were not supported by substantial evidence. The factual determinations of the Board struck down by the court were (1) Appellee's father had specifically requested a thirty-five foot variance at the March 13, 1981 hearing; (2) the Board did not make a decision on the variance request at that meeting; (3) the building is only eighteen feet from the property line, and (4) Appellee did not offer any factual testimony sufficient to permit a conclusion that he was entitled to a variance to permit construction of the building at its current location. The Board's conclusion of law was that to grant the variance desired by Appellee would create unreasonable safety risks and would be "against the interests of the public's safety, general welfare, property and aesthetic rights and contrary to the preserva-

---

[3] Subsequent to this order, an evidentiary hearing was held to address the issue of whether the Township should be allowed to intervene in the matter. Intervention was permitted by the common pleas court, thus, allowing a valid appeal to be taken to this Court.

tion of the general character of the area and objectives of proper zoning.'' The court went on to conclude that Appellee had, to date, incurred expenses of nearly $7,000 in constructing the building,[4] that his actions resulted from ''the conduct of the [B]oard'' and that a denial of the variance which he sought would therefore result in unnecessary hardship of a nature sufficient to warrant issuance of the variance.

In its appeal to this Court the Township asserts that (1) the Board's findings of fact were supported by substantial evidence and should not have been disturbed by the court of common pleas; (2) any hardship accruing to Appellee as the result of a denial of the variance is self-incurred by virtue of his proceeding with construction without a variance or permit and therefore cannot constitute grounds for issuance of a variance, and (3) the court of common pleas erred as a matter of law in concluding that Appellee had presented sufficient evidence to entitle him to a variance.

It is axiomatic that the applicant for a zoning variance has the burden of proving that the variance will not be detrimental to the public health, safety or welfare and that unnecessary hardship will result to the applicant if the variance is denied. *Sisko v. Zoning Board of Adjustment of Pittsburgh*, 36 Pa. Commonwealth Ct. 556, 389 A.2d 231 (1978). Where the common pleas court has taken no additional evidence in addressing a zoning hearing board's grant or denial of a variance, this Court's scope of review is to determine whether the board abused its discretion, made findings of fact not supported by substantial evidence

---

[4] It is evident from the transcript of the hearing discussed in footnote 3, *supra*, that Appellee has undertaken additional construction since the order of the court of common pleas requiring the variance to be issued, notwithstanding what was then the possibility of an appeal to this Court.

or committed an error of law. *Appeal of Dinu,* 69 Pa. Commonwealth Ct. 595, 452 A.2d 95 (1982).

After a careful review of the record in the instant matter, we are compelled to reverse the court of common pleas. In so doing, we initially note that the court clearly erred in its conclusions that there was no substantial evidence to support the Board's findings that Appellee's father had requested a thirty-five foot variance and that the building was only eighteen feet from Appellee's property line.[5] Appellee's father, when questioned at the April 21 hearing as to what he had told the board regarding the distance of the stakes marking the wall of the building from the road stated:

> Well, I ventured, I said it was about twenty-five (25). We talked about it and discussed it with them and I said about twenty-five (25) feet from the ditch *and I assumed another ten (10) feet from the road* but it isn't. I measured it. (Emphasis added.)

When questioned as to how far the building actually is from the road line, he further responded: "It's eighteen feet on one side and it was twenty-one feet on the other. . . ."

Secondly, the court, in essence, ultimately predicated its order to grant the variance on the hardship which would accrue to Appellee were he to have to move the building. Whether the court was invoking a theory of estoppel based on Appellee's reliance on the Board's actions, or analyzing hardship in the context of the analysis utilized to determine whether a variance should be granted in the first instance, is unclear. In either event, however, the court ignored the fact that, even if the circumstances support a conclu-

---

[5] The court based its conclusion on the hearsay nature of the telephone call to the Board from the neighbor and Appellee's not having been afforded the opportunity to cross-examine this individual.

sion that the variance desired by Appellee was effectively granted on March 13, a valid appeal of the grant could have been taken by the Township to the court of common pleas as late as thirty days from the date of service of the order granting the variance. Sections 5171(b) and 5172 of the Judicial Code, 42 Pa. C. S. §§5171(b) and 5172. It is well settled that one who begins construction pursuant to a zoning decision during the pendency of the appeal period for said decision "ordinarily proceeds at his own peril." *Cheltenham Township Appeal,* 413 Pa. 379, 387, 196 A.2d 363, 367 (1964); *Calabrese v. Zoning Board of Adjustment,* 5 Pa. Commonwealth Ct. 444, 291 A.2d 326 (1972). Accordingly, any hardship to Appellee if he has to move the building is self-induced and Appellee is lacking the good faith requisite to the invocation of the doctrine of equitable estoppel. 1 R. Anderson, American Law of Zoning, §6.13 (2d ed. 1976); *see also Schaefer v. Zoning Board of Adjustment of the City of Pittsburgh,* 62 Pa. Commonwealth Ct. 104, 435 A.2d 289 (1981); *Calabrese.* Similarly, even notwithstanding the fact that the potential for hardship to Appellee arose *after,* and out of, the proceedings to determine the merits of Appellee's request for a variance, such hardship cannot suffice to justify or require the grant of a variance in the first instance. *Grace Building Co. v. Zoning Hearing Board of Upper Merion Township,* 38 Pa. Commonwealth Ct. 178, 392 A.2d 888 (1978). As the record in this matter is otherwise devoid of any evidence of hardship to Appellee should the variance he desires not be granted, we are constrained to conclude that the common pleas court erred in overturning the Board's finding that Appellee had not satisfied his evidentiary burden. *See Sisko.* Accordingly, the order directing the Board to issue the variance which will permit Appellee to complete construction of his building at its current location must be reversed.

40

Now, June 9, 1983, the decision and order of the Court of Common Pleas of Mercer County in the above captioned matter, No. 344 C.D. 1981, dated August 21, 1981, is hereby reversed.