James W. Bell and Catherine Bell, Appellants *v.* Zoning Board of Adjustment of the City of Pittsburgh, Appellee.

Argued March 15, 1984, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*James G. Dunn, Wymard and Dunn,* for appellants.

*Gretchen G. Donaldson,* Associate City Solicitor, with her, *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE DOYLE, August 6, 1984:

This is an appeal by James and Catherine Bell (Appellants) from an order of the Court of Common Pleas of Allegheny County which quashed their appeal

from a decision of the Zoning Board of Adjustment of the City of Pittsburgh (Zoning Board).

Appellants are the owners of a property located at 1006 Farragut Street in the City of Pittsburgh. Situate on the property is a two and a half story structure which contains three dwelling units. The property is located in an R-2 zoning district which, under Pittsburgh's 1958 zoning legislation, permits two-family dwellings subject to side yard, lot size, and off-street parking restrictions. The property does not meet the 1958 side yard, lot size and off-street parking restrictions. Prior to 1958, the property was zoned B-residential, permitting two-family dwellings without restriction.

In 1964, Appellants applied to the Zoning Board, requesting a variance to allow use of the property for three dwelling units. The request was denied and no appeal was taken. Nevertheless, the property continued to be occupied as a three-unit dwelling. In March of 1982, Appellants applied to the Zoning Board for permission to occupy the premises as a two-family dwelling, and on March 25, 1982, the application was denied. The Zoning Board noted that Appellants were not in compliance with the 1964 order and directed Appellants "to reduce the number of dwelling units in this structure from three units to one dwelling unit within 30 days." No appeal was taken. The record indicates that Appellants failed to comply with the Zoning Board's order. In August of 1982, Appellants again applied to the Zoning Board for permission to occupy the premises as a two-family dwelling. On October 18, 1982, the Zoning Board denied the application, noting Appellants' non-compliance with its March order, and stated:

The Board is of the opinion that it must not reward the type of behavior displayed by the Ap-

pellant in ignoring the decision of the Board to reduce to 1 dwelling unit within 30 days under Zone Case No. 161 of 1982 and ignoring the order of the Board in Zone Case No. 345 of 1964. The Board hereby dismisses the subject appeal and orders the Appellant to reduce the number of dwelling units in the subject structure from three units to one unit within 30 days of the date of mailing of this decision.

On appeal to the court of common pleas, the court granted the Zoning Board's motion to quash, holding that the doctrine of *res judicata* applied. The court reasoned that the request submitted to the Zoning Board in August was identical to that submitted in March, and the failure of Appellants to appeal the March order permitted the Zoning Board's dismissal of the August request without considering its merits. Appeal to this Court followed.

Our review is limited to a determination of whether the Zoning Board committed an abuse of discretion or error of law.[1]

Initially, we point out that the 1964 decision of the Zoning Board and Appellants' failure to appeal that decision did not operate under the doctrine of *res judicata* to bar consideration of either of the subsequent applications to the Board. *Res judicata* will be applied only sparingly in zoning cases. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975); *Interim House, Inc. v. Philadelphia Zoning Board of Adjust-*

---

[1] When the court of common pleas takes no additional evidence, our review is directed to determining whether the Zoning Board abused its discretion, committed error of law, or made findings of fact unsupported by substantial evidence. *Butch v. East Lackawannock Township Zoning Appeal Board*, 75 Pa. Commonwealth Ct. 33, 460 A.2d 923 (1983). In the case at bar, there are no factual issues in dispute.

*ment*, 36 Pa. Commonwealth Ct. 54, 387 A.2d 511 (1978). For the doctrine to be applicable, there must be a concurrence of four elements in the prior and subsequent proceedings: 1) identity of the thing sued upon or for; 2) identity in the cause of action; 3) identity of the parties; and 4) identity in the parties' capacity. *Schubach; see also, Fisher Building Permit Case*, 355 Pa. 364, 49 A.2d 626 (1946). In 1964, Appellants requested a variance from the zoning provision which prohibited use of their property for *three* dwelling units; in 1982 they sought permission to use the property as *two* units and sought to avoid the side yard, lot size and parking requirements. The relief sued for in 1982 was therefore not identical to the relief requested in 1964. To the extent that the Zoning Board predicated its October, 1982 decision on its action in 1964, it committed error of law.

Similarly, the decision and order issued in March of 1982 and not appealed does not operate under the doctrine of *res judicata* to bar consideration of the August application. The Zoning Board's March decision on its face declares that what was denied were *variances* from the side yard, lot size and parking requirements in Sections 931.02 and 909.04 of the Pittsburgh Code. Nowhere in that decision is any indication that Appellants' request for permission to occupy the premises as a two-unit dwelling was considered as a request for occupancy as a pre-existing non-conforming use under Chapter 991 of the Pittsburgh Code. Appellants' August, 1982 application to the Zoning Board, while not specifying the Code section under which relief is sought, makes clear that what is sought is *not a variance* but qualification as a non-conforming use. While the ultimate relief sought, *i.e.*, occupancy of the premises as two dwelling units, remained identical, the latter application requires consideration of entirely

different proofs not considered in an application for a variance. The cause of action was therefore different in the second application and the doctrine of *res judicata* does not apply.

We are not persuaded by the Zoning Board's argument that because Appellants were afforded a hearing in March on their request for variances, they were afforded ample opportunity as a matter of law to raise the issue of pre-existing non-conforming use and submit evidence on that point. Were this true, then they were logically also afforded the opportunity to submit evidence in support of a curative amendment or special exception. But, as noted in the court of common pleas' opinion, the doctrine of *res judicata* did not bar any alternative relief subsequently sought. Appellants would not be precluded by the March decision from seeking permission, by curative amendment or special exception, to use their property as a two-unit dwelling. They should not have been precluded here from seeking consideration of their request as a pre-existing non-conforming use.[2] To have done so was an error of law.

In addition, we believe the Zoning Board abused its discretion in considering Appellants' failure to comply with its earlier orders as a basis for its decision. Contrary to the characterization of the Board's action as an application of principles of *res judicata,* by the

---

[2] The Zoning Board urges that Section 905.02 of the Pittsburgh Code requires that an occupancy permit for a pre-existing non-comforming use could only have been requested within one year of passage of the 1958 ordinance. The applicability of Section 905.02 was not discussed by the Board in its decision nor by the court of common pleas, and we will not discuss it here. We point out that even if Section 905.02 is applicable, Appellants should be afforded the opportunity to argue to the contrary that Section 907.04 is also applicable and to present evidence relevant to grounds for excuse or variance from the operation of Section 905.02 in this case.

Board in its brief and by the court of common pleas in its opinion, the decision on its face and a reading of the record makes clear that the decision was predicated on Appellants' refusal to comply. While this Court in no sense condones Appellants' behavior in defiance of the Zoning Board's orders, we point out that other appropriate procedures and penalties are available to the Board to effectively enforce its orders.[3] The Zoning Board enjoys no discretion to use the denial of a subsequent zoning application in order to punish recalcitrant behavior.

In accordance with the foregoing, we vacate the order quashing the appeal and remand to the court of common pleas for trial on the merits of Appellants' request to occupy the property as a pre-existing nonconforming two-family dwelling.

ORDER

Now, August 6, 1984, the order of the Court of Common Pleas of Allegheny County in the above referenced matter, dated January 28, 1983, is hereby vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

------

[3] See Section 905.05 of the Pittsburgh Code. The record indicates that such enforcement and penalty provisions were invoked by the Zoning Board against Appellants' continued violation of its orders.