543 A.2d 226

Robert M. Harrington and Susan Harrington, Appellants *v.* The Zoning Hearing Board of East Vincent Township, East Vincent Township, Chester County and The Board of Supervisors of East Vincent Township, Appellees.

Argued December 18, 1987, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*David Andrew Schwartz, Reitnour, Mumma & Schwartz,* for appellants.

*Stuart N. Cohen, Butera, Beausang, Moyer & Cohen,* for appellees.

OPINION BY JUDGE DOYLE, June 22, 1988:

This is an appeal by Robert M. Harrington and Susan Harrington (Appellants) from an order of the Court of Common Pleas of Chester County affirming the decision of the Zoning Hearing Board of East Vincent Township (Board) which, *inter alia,* denied Appellants' application for a special exception or variance on the basis of the doctrine of *res judicata.*

Appellants own two acres of land that are the subject of this appeal. The property is zoned R-1, Rural

Conservation District, under the East Vincent Township Zoning Ordinance of 1984 (Ordinance). The property is improved with a single family detached home, a two story barn, a shed attached to the barn, and a corn crib. The shed is presently used as a hobby studio and home workshop, and the barn as a garage. The home is a two hundred year old farmhouse, and Appellants reside there with their two children.

Appellants first applied to the Board on January 6, 1986, requesting a special exception *solely* for a home occupation use of the shed that is attached to the barn, on the theory that the shed constituted a dwelling unit under Section 1307(a)(1) of the Ordinance.[1] This application was denied, and no appeal was taken.

On March 21, 1986, Appellants filed a second application with the Board. This new application requested: (1) an interpretation of Section 1307 of the Ordinance, as Appellants claimed that the Ordinance is, on its face, ambiguous; (2) a special exception for a home occupation use (an office) in the subject dwelling unit; (3) a special exception for a home occupation use in the shed (artist's studio and woodworking shop) as an existing accessory structure to the dwelling unit and; (4) a variance to allow the same use of the shed on the theory that the shed as an accessory structure of the house, should be included in the term "dwelling unit."

The Board, upon reviewing this second application, interpreted Section 1307 of the Ordinance to mean that home occupations must be conducted in dwelling units *only* and not in any accessory units, and further, that the proposed uses, viz. an office, and the artist's studio

---

[1] Section 1307(a)(1) states:
In residential districts, all dwelling units except apartment units may be used for a home occupation as a Special Exception, when permitted by the Zoning Hearing Board, subject to the provisions of Section 1509 of this Ordinance.

and woodworking shop, were not "home occupations" within the meaning of the Ordinance. On these grounds, the Board denied Appellants' requests for a special exception and a variance, and also barred the second application on the basis of the doctrine *res judicata*.

Appellants filed a notice of appeal in the court of common pleas. On January 7, 1987, the court affirmed the Board's decision as to the denial of the special exception and the variance for the use of the shed, stating that the second application for a special exception was barred by *res judicata*. The Court additionally reversed the Board and granted the special exception to allow Appellants to use a portion of their home as an office. The Appellants appealed to this Court only the denial of their request for a special exception, (for the shed), and not the variance issue. No appeal was taken from the trial court's grant of the special exception involving the office use of the home.[2]

Appellants first contend that the trial court erred as a matter of law in applying the doctrine of *res judicata* to the application for a special exception. We must agree. The March 4, 1986 decision of the Board and Appellants' failure to appeal that decision did not operate under the doctrine of *res judicata* to bar their subsequent application to the Board. *Res judicata* will be applied only sparingly in zoning cases. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). As the Court noted in *Silver*, "zoning is a continuing regulation and flexibility in zoning matters outweighs the risk of repetitive litigation." *Id.* at 376, 336 A.2d 333 (quoting Ryan, Zoning

---

[2] Where, as in the instant case, the court of common pleas takes no additional evidence, our scope of review is limited to determining whether the zoning board committed a manifest abuse of discretion or an error of law. *Valley View Civic Ass'n v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

Law and Practice §9.4.17 (1970)). For the doctrine to be applied, there must be a concurrence of four elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the parties' capacity. *Id.* at 375, 336 A.2d at 332. Our review of the record indicates that Appellants' second application does not meet all of the above criteria.

This court has also held that a change in *theory* on the second application will prevent the working of *res judicata. Bell v. Zoning Board of Adjustment,* 84 Pa. Commonwealth Ct. 347, 479 A.2d 71 (1984). In *Bell,* the appellants applied to the zoning hearing board requesting a variance to allow the use of the property for three dwelling units. The request was denied and no appeal was taken. Eight years later, the appellants applied to the zoning board for permission to occupy the premises as a *two*-family dwelling, and that application was denied. No appeal was taken. Five months later, the appellants again applied to the board for permission to occupy the premises as a two-family dwelling. The appellants' first application was a request for a variance, but in their second application they changed their request to one for a nonconforming use. The ultimate relief, however, remained the same. The Board held that the doctrine of *res judicata* barred this action. On appeal, our Court held that the doctrine did not bar the subsequent action because the appellants changed the theory on which they based their application.

Applying that rule to the present case, it is clear, that although Appellants' second application did retain some of its original elements, their theory in the second application was more expansive and suggested that an accessory structure is included within the definition of "dwelling unit" as that term is used in Section 1307(a)(1) of the Ordinance. Review of the initial application dis-

closes that that particular position was not advanced therein. We hold that, because Appellants proceeded under a different theory based upon different provisions of the ordinance, the doctrine of *res judicata* is inapplicable here.

Appellee and the lower court cite *Mobil Oil Corp. v. Zoning Hearing Board of Tredyffrin Township*, 100 Pa. Commonwealth Ct. 480, 515 A.2d 78 (1986), as controlling. In *Mobil Oil*, the appellant first applied for a dimensional variance from the setback provision of the township's zoning ordinance. The zoning hearing board denied the application. Two months later, the appellant reapplied to the zoning hearing board for the same variance. The board and the lower court rejected the application holding that it failed to prove the requisite hardship. Our Court did not find Mobil Oil's case to be barred by the doctrine of *res judicata*. In fact, the Court did not address the doctrine itself, and, instead, noted that a subsequent application for an identical variance may be granted when there is a change in conditions or circumstances. As Appellant in this case before us is advancing a change in *theory*, we believe this case to be different from *Mobil Oil*. The Court in *Mobil Oil* was able to distinguish the applicant's two requests for a variance by noting a change in *circumstances*. In the case at bar, Appellant, correctly so, is asserting a change in *theory*.

Turning to the underlying merits of this case, since the trial court has not passed upon whether Appellants met their burden of proof on the special exception with regard to the barn and the shed, we are constrained to remand the record to the trial court for such a determination.

Reversed and remanded.

### ORDER

The order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby reversed with regard to the *res judicata* issue, and the record is remanded to the trial court for findings not inconsistent with this opinion.

Jurisdiction relinquished.