558 A.2d 898

Namcorp, Inc. and Patch-Up, Inc., Appellants *v.* Zoning Hearing Board of Horsham Township, Appellee.

Namcorp, Inc., and Patch-Up, Inc., Appellants *v.* Horsham Township, Appellee.

Argued March 7, 1989, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Donald A. Semisch, Semisch and Semisch,* for appellants.

*Thomas M. Del Ricci, Hamburg, Rubin, Mullin & Maxwell,* and *Paul D. North,* for appellee.

OPINION BY JUDGE CRAIG, May 1, 1989:

Patch-Up, Inc. and its tenant, Namcorp, Inc. (appellants), appeal an order of Judge OTT of the Court of Common Pleas of Montgomery County that affirmed an order of the the Zoning Hearing Board of Horsham Township which denied the appellants' request for a variance, and granted the township's petition to compel the removal of an addition the appellants had placed on Patch-Up's property.

Patch-Up initially requested a variance in 1985 to build an addition to a building Namcorp rents from Patch-Up, and which Namcorp operates as a tavern. The building predates the township zoning ordinance and has never conformed to the ordinance's use or dimensional requirements. The board granted Patch-Up's application. Horsham appealed that decision to the Court of Common Pleas. Namcorp intervened in that appeal. While the appeal was pending, the court of common pleas gave Patch-Up permission to construct the addition, at Patch-Up's own risk, pending the trial court's decision, the outcome of which Patch-Up knew might require the removal of the addition.

The common pleas court affirmed the board's decision. However, on appeal to this court, we reversed the trial court and denied Patch-Up's request for a variance. *Horsham Township Appeal,* 103 Pa. Commonwealth Ct. 508, 520 A.2d 1226 (1987).

Patch-Up built the addition before we handed down our decision. In June 1987, Patch-Up sought another variance in order to prevent the removal of the addition. The township filed a Petition to Compel Removal of Addition on July 7, 1987, which the common pleas court

denied, without prejudice, pending the outcome of Patch-Up's second request for a variance.

On November 9, 1987 Patch-Up withdrew its application for a variance, but on the next day filed a new application, this time with Namcorp as a co-party, seeking a variance and also claiming that the ordinance was unconstitutional as applied to Patch-Up's property. The board denied the appellants' variance request on March 14, 1988, finding that the outcome in the earlier variance request was res judicata, and that the ordinance was constitutional as applied to Patch-Up's property. The court of common pleas affirmed the board's decision and concluded that, even if res judicata did not bar the second request for a variance, the court would have reached the same result. This appeal followed.

We must consider whether res judicata precludes reconsideration of Patch-Up's request for a variance. If res judicata does not apply in this case we must address the merits of the appellants' arguments: (1) whether Patch-Up satisfied the criteria for a variance for the expansion of the nonconforming use; and (2) whether the ordinance is unconstitutional as applied to Patch-Up's property.

We note that our scope of review in a zoning case in which the common pleas court does not take additional evidence is limited to a determination of whether or not the board committed an error of law or an abuse of discretion. *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township*, 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982).

In order for res judicata to apply there must be a concurrence of four elements: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. *Thompson v. Wean*, 78 Pa. Commonwealth Ct.

108, 466 A.2d 1126 (1983). Pennsylvania courts apply the doctrine spartanly in zoning cases, however, because the need for "flexibility in zoning matters outweighs the risk of repetitive litigation." *Schubach v. Silver*, 461 Pa. 366, 376, 336 A.2d 328, 333 (1975) quoting Ryan, *Pennsylvania Zoning Law and Practice*, §9.4.17. Nevertheless, res judicata may be applied to zoning cases if the four elements listed above are satisfied, and if there are no substantial changes in circumstances relating to the land itself. *Serban Appeal*, 84 Pa. Commonwealth Ct. 558, 480 A.2d 362 (1984).

Appellants argue that res judicata does not apply in this case. First, the appellants claim that there is no identity of parties between the first and second variance applications. We disagree for two reasons. The doctrine of res judicata applies to parties, and to those in privity with parties, to the previous litigation. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Superior Ct. 225, 464 A.2d 1313 (1983). In this case we must recognize the landlord-tenant relationship that existed between Patch-Up and Namcorp at the time of Patch-Up's first request. We are convinced that that relationship created privity between Patch-Up and its tenant, Namcorp, for the purpose of applying the doctrine of res judicata. In addition to this obvious legal relationship, the record clearly reveals the fact that Patch-Up sought the first variance for the benefit of Namcorp.

The appellants also contend that Namcorp did not have a full and fair opportunity to litigate the variance application because Namcorp only intervened in the appeal from the zoning hearing board to the court of common pleas. We believe this argument is without merit, however, because the statutory appeal process under sections 1009 and 1010 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§11009 and 11010, gives an intervenor in an

appeal to the common pleas court the same rights as the initial party before the board.

The MPC allows a common pleas court to receive additional evidence before reaching a decision. Namcorp failed to seek an opportunity to present additional evidence to the court of common pleas, which could have considered another conclusion based on such evidence. Pennsylvania courts have held that when ultimate and controlling issues have been decided in a previous proceeding in which the present parties had an opportunity to appear and assert rights, they should not be able to avoid the application of res judicata by shuffling the plaintiffs on record. *Baroutsis v. Gregory,* 154 Pa. Superior Ct. 136, 35 A.2d 559 (1944).

The appellants also claim that res judicata is not applicable because the cause of action presented in the second application is different from the cause of action litigated in the first application request. Appellants cite *Harrington v. Zoning Hearing Board of East Vincent Township,* 117 Pa. Commonwealth Ct. 197, 543 A.2d 226 (1988), to support their claim that res judicata does not apply. We do not believe *Harrington* provides a precedent which would preclude the application of res judicata.

The landowner in *Harrington* pursued different paths in his two separate zoning actions, requesting a special exception in his first application, and in the second action, requesting a variance in addition to the special exception request. The *Harrington* court cited this court's decision in *Bell Appeal,* 84 Pa. Commonwealth Ct. 347, 479 A.2d 71 (1984) to support its opinion. In *Bell* the landowner first asked for a variance, and then asked that the governing body reclassify his property as a non-conforming use.

In this case the variance that Patch-Up and Namcorp now seek is the *same* variance as that sought in 1985. The

only change is the validity challenge, which, in this case, involves a purely legal question rather than questions which involve the resolution of additional issues of fact. *Bell*, 84 Pa. Commonwealth Ct. at 351-352, 479 A.2d at 73.

Appellants cite this court's opinion in *Shelley Appeal*, 88 Pa. Commonwealth Ct. 70, 488 A.2d 655 (1985), to support their argument that the constitutional issues they now raise create a different cause of action from the cause of action litigated in 1985. *Shelley* involved a property owner who unsuccessfully sought a variance and later requested the same variance. This court concluded that res judicata did not bar the appellant's second application because she added a challenge to the constitutionality of the ordinance.

Despite similarities between the *Shelley* case and this case, we are not persuaded that *Shelley* controls our decision. We note Ryan's astute observation concerning *Shelley*:

> The applicant's failure to assert his challenge in connection with the first application raises serious issues, because a time limitation was involved. While the 'causes of action' were different, the second could have been brought at the same time as the first and, indeed, the Planning Code itself requires that challenges to the provisions of an ordinance be brought within 30 days of the date a permit is rejected under the provision attacked. See Planning Code §1004, 53 P.S. §11004. In the [Shelley] case, the provision of the ordinance was clearly invalid, and the owner apparently had not understood her rights. Ryan, Pennsylvania Zoning Law and Practice, §9.4.17.

In the case now before us, the appellants certainly could have raised the constitutional issues they now as-

sert, issues which the MPC requires a party to raise when a permit is denied. Section 1004 of the MPC, 53 P.S. §11004, provides:

(1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

a) to the Zoning Hearing Board for a report thereon under section 910 or 913.1; or

(b) to the governing body ....

Res judicata is conclusive not only as to matters decided but also as to those which might have been properly raised and decided. *Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 327 A.2d 72 (1974); *McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 617, 300 A.2d 815, 819 (1973).

Furthermore, we have examined the appellants' constitutional claims and find them devoid of merit, unlike the claims the appellant made in *Ruby.* First, the appellants claim that the ordinance is unconstitutional because it prevents the natural expansion of the nonconforming use. Although Pennsylvania law permits expansion of nonconforming uses because of trade increase even when the zoning ordinance does not specifically provide for the expansion of a nonconforming use, an expanding nonconforming commercial use in a district is not exempted from the dimensional requirements applicable in the district—that is, it should not have rights any greater than a conforming use in the same district unless the extra-dimensional expansion is necessary for the *survival* (not merely the growth) of the business. *Jenkintown Towing,* 67 Pa. Commonwealth Ct. at 195, 446 A.2d at 722.

The appellants also argue that the ordinance results in treatment of Patch-Up's land that is similar to unlawful

spot zoning because its property lies adjacent to a commercial district. We disagree. The location of zoning boundaries is a matter within the legislative discretion of municipalities; thus, courts generally will not sustain challenges to the location of such boundaries. *Township of Falls Appeal,* 75 Pa. Commonwealth Ct. 528, 462 A.2d 920 (1983).

A zoning ordinance is not invalid merely because it permits a particular use on one side of the street, but prohibits the same use on the other side. *DiSanto v. Zoning Board of Adjustment,* 410 Pa. 331, 189 A.2d 135 (1963), *Guentter v. Borough of Lansdale,* 21 Pa. Commonwealth Ct. 287, 345 A.2d 306 (1975). "[O]nce the municipality has determined that an area is to be zoned [as a particular district], protection of pre-exisiting uses should not be accomplished by the creation of special zoning classifications, which may have the effect of permitting the owner a greater right to continue the nonconformance, or to change its nature." Ryan, *Pennsylvania Zoning Law and Practice,* §3.4.12.

The district in which Patch-Up's property is located is zoned industrial. As a nonconforming use, the owner and tenant may continue to use the property as it has always been used. However, as stated above, nonconforming uses are not entitled to any greater rights merely because of their status as a nonconforming use.

Because we conclude that there is an identity of the four requirements of res judicata, and because the appellants' constitutional claims have no merit, we must consider whether there have been any substantial changes in circumstances which would warrant a reconsideration of the appellants' variance request. *Serban.*

The board found, and the common pleas court agreed, that no substantial changes had occurred. We agree. The only change of any kind has been the construction of the addition. However, because the appellants

completed the addition at their own risk, we do not believe we should consider the addition as a change in conditions which would preclude the application of the doctrine of res judicata.

Moreover, we note that the board specifically found that no substantial changes in circumstances had occurred since 1985 (Finding of Fact No. 7), as well as that "there was and is a reasonable use being made of the building" and that the business can continue without the variance (Finding of Fact No. 17).

Having determined that res judicata bars relitigation of the appellants' application for a variance, we affirm the decision of Judge OTT of the court of common pleas.

### ORDER IN 1579 C.D. 1988

NOW, May 1, 1989, the order of the Court of Common Pleas of Montgomery County dated June 28, 1988, at No. 87-16397 is affirmed.

### ORDER IN 1580 C.D. 1988

NOW, May 1, 1989, the order of the Court of Common Pleas of Montgomery County, dated June 28, 1988, at No. 88-04161, is affirmed.