568 A.2d 1336

### CHURCH OF THE SAVIOUR

v.

### ZONING HEARING BOARD OF TREDYFFRIN TOWNSHIP and Tredyffrin Township.

#### Appeal of TREDYFFRIN TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1989.

Decided Dec. 12, 1989.

Reargument Denied February 21, 1990.

---

1. Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a.

John D. Snyder, Lamb, Windle & McErlane, P.C., West Chester, for appellant.

Jane M. Shields, Paoli, for appellee.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Township of Tredyffrin (Township) appeals from an order of the Court of Common Pleas of Chester County that reversed the Zoning Hearing Board of the Township of Tredyffrin's (Board's) denial of the Church of the Saviour's (church's) application to expand its existing special exception use permit. We affirm.

The church owns four contiguous tracts of land[1] on the east side of North Wayne Avenue in the Township. These parcels are located in an R-1 residential zoning district. Section 701(D)(1)(b) of the Township Zoning Ordinance of 1939, *as amended*, permits in an R-1 district, the following uses:

> *Use Regulations.* A building may be erected, altered or used and a lot may be used or occupied for any of the following purposes, and no other:
>
> \* \* \* \* \* \*
>
> D. The following uses when authorized as a special exception, subject to the general standards prescribed in Section 1807 and 2110.
>
> 1. Educational, religious, cultural or philanthropic use other than a use permitted by the Section above, as follows:
>
> \* \* \* \* \* \*
>
> b. Church, church school, or similar place of worship; convent, monastery or similar religious institution.

---

1. The 35-acre tract is composed of four separate tax parcels known as 651 North Wayne Avenue, 695 North Wayne Avenue, 725 North Wayne Avenue and 751 North Wayne Avenue.

On October 23, 1975, the church was granted a special exception use permit for the four tracts of land.

In addition to performing traditional religious services, the church sponsors a wide variety of programs including a full range of pastoral counseling, open to church members and the general public. Sixty percent of those who use the counseling service do so without paying; the remainder pay at a reduced rate in comparison to similar services rendered elsewhere in the community. All counseling takes place in a building located at 751 North Wayne Avenue where the church offices were previously located.

In November 1987, the church applied for a variance to conduct professional counseling by a non-profit corporation at the 751 North Wayne Avenue address. The Board denied the variance. On May 6, 1988, the church applied for a modification of its existing special exception to expand its pastoral counseling to include professional counseling by a church employee. The Board also denied this application and the church appealed. The trial court reversed and the Township now appeals to this Court.[2]

The Township makes two arguments here: 1) that the Board's denial of a 1987 application by the church for a variance is *res judicata* as to the 1988 application by the church for an extension of its special exception use permit; and 2) that professional counseling is not a permitted use by special exception in the R–1 district.

The Township first argues that the Board's denial of the variance in 1987 is *res judicata* to the application for an extension of the special exception use permit.

■ In order for *res judicata* to be applied, four elements must concur: (1) identity in the thing sued for; (2)

**2.** Where, as here, the trial court accepted no additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Kassouf v. Zoning Hearing Board of Scott Township,* 112 Pa.Commonwealth Ct. 182, 535 A.2d 261 (1987). We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Hearing Board,* 501 Pa. 550, 462 A.2d 637 (1983).

identity of the cause of action; (3) identities of the parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made. *Thompson v. Wean*, 78 Pa.Commonwealth Ct. 108, 466 A.2d 1126 (1983). Thus, these elements of the variance and special exception applications must concur so as to invoke the doctrine of *res judicata*.

■ In applying for the variance, the church asserted a different theory than it did with its special exception modification request. Under the variance proceeding, counseling was to be performed by a *non-profit corporation*, and in the special exception sought, professional counseling was to be performed by a *church employee*, in addition to four other counsellors. In *Harrington v. Zoning Hearing Board of East Vincent Township*, 117 Pa.Commonwealth Ct. 197, 543 A.2d 226 (1988), we refused to apply the doctrine of *res judicata* to an application for special exception, where an earlier application, also for a special exception, was based upon a *different theory*. In *Bell Appeal*, 84 Pa.Commonwealth Ct. 347, 479 A.2d 71 (1984), we also refused to apply the doctrine of *res judicata* where the landowner first requested a variance, and later asked for a reclassification of his property as a non-conforming use because the later request involved the *resolution of additional issues of fact*. Here, the church originally filed an application for a variance. A variance demands different requirements than does a modification of an existing special exception. *Res judicata* must be applied sparingly in zoning cases because "flexibility in zoning matters outweighs the risk of repetitive litigation." *Schubach v. Silver*, 461 Pa. 366, 376, 336 A.2d 328, 332 (1975).

Additionally, even if the church would have reapplied under an identical theory, where there has been a change in circumstances, which the trial court recognized, *res judicata* does not apply. *See Namcorp, Inc. v. Zoning Hearing Board of Horsham Township*, 125 Pa.Commonwealth Ct. 496, 558 A.2d 898 (1989). We do not believe that *res judicata* applies here because of different theories the

church asserted in the two applications and because of changes in circumstances as to the type of counseling provided.

The Township's second argument is that the trial court erred in concluding that the church met its burden of showing that the type of land use at issue conformed with Section 701(D)(1)(b). *Bray v. Zoning Board of Adjustment,* 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980).

The trial court explicitly set forth the problems created by the Board's denial of the church's application.

> The conceptual difficulty posed by this case is that while it is clear that the church's counselling services are conducted by the church, the definition of 'church function' is far from objective or unequivocal. The Zoning Ordinance does not provide that the concept 'church use' is to be delimited by any specific objective criteria. However, the written decision of the Zoning Hearing Board stated that the special exception provision of the Zoning Ordinance did not 'envision' the church's professional counselling service because '... the counselling sought to be offered was of a secular nature and not directly related to the church's function.' Thus, insofar as the [Zoning] Ordinance provided no confining definition of 'church function,' the Board's decision was based not on an application of express law, but on a subjective understanding of the 'correct' parameters of religious practice and expression. The Board has undertaken to define 'church function' in the absence of any legislative authority mandating a specific definition of 'church function' for the purpose of Section 701.D.1.b.

*Church of the Saviour v. Zoning Hearing Board of Tredyffrin Township and Tredyffrin Township,* (Court of Common Pleas of Chester County, docket No. 88–06660 filed January 20, 1989), slip op. at 4–5.

■ In analyzing zoning ordinances, we have consistently held that "ambiguous or undefined terms in an ordinance which restrict a permitted use shall be construed broadly so as to give the landowner the benefit of the least restrictive

use." *Salisbury Township Appeal,* 114 Pa.Commonwealth Ct. 493, 497, 539 A.2d 48, 50 (1988). *See also Visionquest National, Ltd. v. Board of Supervisors of Honeybrook Township,* 115 Pa.Commonwealth Ct. 562, 540 A.2d 995 (1988), *petition for allowance of appeal granted,* 520 Pa. 585, 549 A.2d 917 (1988); *Martin Appeal,* 108 Pa.Commonwealth Ct. 107, 529 A.2d 582 (1987); and *Bray.*

In *Salisbury Township,* we reviewed an ordinance which provided that single family residences could be erected on one-acre lots when the residential building was within 500 feet of *"any existing state or township road."* *Salisbury Township,* 114 Pa.Commonwealth Ct. at 495, 439 A.2d at 49 (emphasis in original). That phrase was not defined in the ordinance and thus, we held that the Board abused its discretion in interpreting such phrase to mean only those roads in existence at the time of the enactment of the ordinance. It is an abuse of discretion for a Board to narrow the terms of an ordinance and further restrict the use of property. *Lake Adventure Inc. v. Zoning Hearing Board of Dingman Township,* 64 Pa.Commonwealth Ct. 551, 440 A.2d 1284 (1982). Here, the function of the Board was to determine whether the proposed counseling fell within the *express* terms of Section 701(D)(1)(b). Any other view would improperly enable the Board to assume the legislative role of the municipality which created the ordinance. *See Bray.*

The trial court found, as do we, that the evidence presented demonstrated that counseling is an integral part of the church's activities. In the absence of an objective definition of "church use," the remaining sources of definition are subjective. Because of the limiting principle set forth in *Bray* and *Salisbury Township,* we cannot say that counseling is not an objective church use.

Accordingly, the order of the Court of Common Pleas is hereby affirmed.

## ORDER

AND NOW, this 12th day of December, 1989, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.