645 A.2d 920

**UPPER SAUCON TOWNSHIP**

v.

**ZONING HEARING BOARD OF UPPER SAUCON TOWNSHIP and William D. Stoneback and Cheryl G. Stoneback, Appellants.**

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided July 11, 1994.

Reargument Denied Sept. 8, 1994.

624

---

James A. Bartholomew, for appellants.

Angelo T. Almonti, for appellee.

Before CRAIG, President Judge, SMITH, J., and LORD, Senior Judge.

CRAIG, President Judge.

William and Cheryl Stoneback (landowners) appeal an order of Judge Carol McGinley of the Court of Common Pleas of Lehigh County that reversed a decision of the Upper Saucon Zoning Hearing Board, which had concluded that the landowners' use of their property to raise hybrid wolves for their personal use constituted animal husbandry, a permitted use in the Agricultural Preservation (AG) District in which their land is located.

The issues in this appeal are: (1) whether the board and trial court correctly concluded that res judicata did not bar the landowners from raising the question of whether their proposed use constitutes a permitted use under the ordinance, after the board had rejected their previous application under a different theory; (2) whether the zoning hearing board and the trial court both erred in concluding that the raising of wolf hybrids does not constitute "animal husbandry" as defined by the zoning ordinance; and (3) whether such wolf-hybrid raising is nevertheless allowable as a "use of the same general character" as the permitted "animal husbandry" use.

 This court's scope of review where the trial court has not taken additional evidence is limited to a determination of whether the zoning hearing board abused its discretion, committed an error of law, or made findings that are not supported by substantial evidence. *Moses v. Zoning Hearing Board of Borough of Dormont,* 87 Pa.Commonwealth Ct. 443, 487 A.2d 481 (1985).

### 1. *Res Judicata*

The landowners had filed an earlier action before the board seeking an interpretation of the township's ordinance and, alternatively, a special exception. One of the issues the board addressed in that case was whether the landowners' use constituted "animal husbandry", an issue identical to the one before this court.

The trial court did not consider the question of whether res judicata now bars further consideration of the "animal husbandry" issue, because at that time, the landowners had appealed the zoning hearing board's first decision, in which it concluded that the landowner's use did not constitute animal husbandry.

However, since that time, the landowners have not pursued that earlier action, and the board's initial conclusion stands.

■ In order for res judicata to bar the review of a cause of action there must be an identity of four elements: (1) the matter sued upon, (2) the cause of action, (3) persons and parties to the action, and (4) the quality in the persons for or against whom the claim is made. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975).

■ In this case there is an identity of all four elements, because the parties are the same, and the landowners are seeking to establish that their use constitutes animal husbandry.

The landowners argue that they presented new evidence to the board regarding a change in circumstances, specifically that they no longer sought to raise wolf hybrids for profit. However, that particular fact is irrelevant to consideration of the question of whether the use constitutes animal husbandry, because the definition of animal husbandry does not distinguish between for profit and not-for-profit operations.

Accordingly, this court concludes that res judicata applies in this case.

Furthermore, for the reasons that follow, this court agrees with the trial court's conclusion that the landowner's proposed use does not constitute animal husbandry.

*2. Interpretation of The "Animal Husbandry" Provision*

■ The landowners contend that the board and trial court erred in concluding that the term "animal husbandry" does not include the landowners' proposed use of raising wolf hybrids as pets.

Section 202.C. defines "animal husbandry" as follows:

The raising and keeping of any kind of livestock, poultry, horse(s), pony(s) *or other large domestic animal(s), or* the keeping and raising of any combination of more than four (4) *small domestic animals* (dogs, cats, pigeons, rabbits, etc.) whether or not as pets. (The keeping and raising of small domestic animals through the twelfth week of life shall be considered a temporary condition and such animals shall not be counted in making a determination as to whether or not the occupants of any dwelling unit are engaged in animal husbandry.) (Emphasis added.)

The landowners do not argue that wolf hybrids fall into the category of livestock, poultry, horse or pony; they contend that wolf hybrids are the equivalent or near equivalent of dogs, which are characterized as small domestic animals under subsection (4) of the animal husbandry provision quoted above.

As indicated by the emphasized language of the animal husbandry ordinance, that term encompasses only domestic animals.

The Pennsylvania Department of Agriculture has defined the term "domestic animal" as "[a]n equine animal, bovine animal, sheep, goat, pig, dog or cat." 7 Pa.Code § 16.1. Although the record includes testimony regarding the nature of wolf hybrids, there is no direct testimony that wolf hybrids *are* dogs. Dr. Romich did testify that there is no biological difference between dogs and wolf hybrids. Additionally, a witness testified that all domesticated dogs have some degree of wolf blood in them. However, that testimony alone does not support a finding that wolf hybrids are the equivalent of dogs.

As the trial court stated, the board's finding that the hybrids are more "like" dogs than wolves is insufficient to establish that wolf hybrids are a domestic animal under the ordinance. Moreover, the state legislature has deemed that "wolves and any crossbreed of these animals which have similar characteristics in appearance or features" are "exotic wildlife." 34 Pa.C.S. § 2961.

The landowners point to a federal regulation which defines the term "dog" to include "any dog-hybrid cross." The regulations were adopted by the United States Department of Agriculture, implementing various federal laws relating to animal welfare. The term "hybrid cross" is defined in the regulations, in pertinent part as

> an animal resulting from the crossbreeding between two species or types of animals ... Crosses between wild animal species and domestic animals, such as dogs and wolves ... are considered to be domestic animals. 9 C.F.R. § 1.1.

However, because Pennsylvania law does differentiate between dogs and wolf hybrids, and because the ordinance clearly limits animal husbandry to dogs, this court must conclude that the trial court did not err in concluding that the landowners' proposed use of the property does not constitute animal husbandry.

### 3. "Use of Same General Character" Basis

■ Here, the zoning hearing board also did not conclude that hybrid wolves are domestic animals or that the proposed use constitutes "animal husbandry." Rather, the board relied upon the Pennsylvania Supreme Court's decision in *Van Sciver v. Zoning Board of Adjustment of Philadelphia,* 396 Pa. 646, 152 A.2d 717 (1959), where the court concluded that the ordinance required the zoning board to allow a use that was "of the same general character" as uses specifically permitted.

The board determined that wolf hybrids are visually indistinguishable from dogs, and that behaviorally they appear to be more timid than dogs and less aggressive than domesticated dogs that are trained or bred to be attack dogs. The board determined that hybrids are more like domesticated animals than wild animals. Thus, relying upon the holding in *Van Sciver,* the board here concluded that the raising of wolf hybrids is a use so similar in character to animal husbandry that it could also be permitted under the ordinance.

In reviewing the board's decision, the trial court in this case properly concluded that *Van Sciver* was not on point, because

the ordinance at issue in *Van Sciver* specifically included the phrase "use of the same general character" solely as a basis for board approval of a "board certificate", i.e., a special exception. On the other hand, the ordinance here has no provision of that sort; hence, there is no "use approximation" provision to authorize either a special exception or a permitted use.

The trial court correctly concluded that the board had erred in reading the "use of the same general character" into an ordinance where no such use-approximation link existed.

Accordingly, the trial court was correct in determining that the use is not permitted under the ordinance, and this court affirms the decision of Judge Carol McGinley.

### ORDER

NOW, July 11, 1994, the order of the Court of Common Pleas of Lehigh County, dated October 19, 1993, at Nos. 90–C–3271 and 91–C–963, is affirmed.