**William D. STONEBACK and Cheryll G. Stoneback, Appellants,**

v.

**The ZONING HEARING BOARD OF UPPER SAUCON TOWNSHIP and Upper Saucon Township.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.

Decided Aug. 19, 1997.

Catherine E. Naughton, Center Valley, for appellants.

Angelo T. Almonti, Allentown, for appellee, Upper Saucon Township

Before SMITH and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

William D. and Cheryll G. Stoneback (Stonebacks) appeal from an order of the Court of Common Pleas of Lehigh County which affirmed the determination of the Zoning Hearing Board of Upper Saucon Township (Board) that they were precluded from proceeding with their zoning application under the doctrines of res judicata and collateral estoppel.

The Stonebacks own approximately ten acres of land located within the Agricultural Preservation zoning district in Upper Saucon Township (Township). In June 1990, the Township issued a notice of zoning violation, stating that the Stonebacks maintained six wolf-dog hybrids on their property in violation of Section 802.C.8 of the Upper Saucon Township Zoning Ordinance (Ordinance), which requires a special exception to operate

a kennel for such animals in the Agricultural Preservation zoning district.

The Stonebacks then filed their first zoning application with the Board, alleging, *inter alia,* that maintaining and raising the wolf hybrids were permitted in the Agricultural Preservation zoning district as wildlife preservation or "animal husbandry." Section 202.C of the Ordinance defines "animal husbandry" as:

> The raising and keeping of any kind of livestock, poultry, horse(s), pony(s) or other large domestic animal(s), or the keeping and raising of any combination of more than four (4) *small domestic animals* (dogs, cats, pigeons, rabbits, etc.) whether or not as pets. (Emphasis added.)

In the alternative, the Stonebacks requested a variance or a special exception.

In its November 1990 decision, the Board denied the application, concluding that the wolf hybrids were not domestic animals; the Stonebacks' use of the property did not fall within animal husbandry or wildlife preservation permitted in the Agricultural Preservation zoning district; the Ordinance is not exclusionary because it allows the Stonebacks to raise their animals in the Agricultural zoning district by a special exception; and the Stonebacks failed to establish their entitlement to a variance or a special exception.

The Stonebacks appealed the Board's decision to the trial court and filed another application with the Board. In March 1991, the Board granted the Stonebacks' second application, concluding that keeping and raising the wolf hybrids were so close to animal husbandry as to constitute a permitted use. The Township appealed the Board's decision to the trial court, which consolidated both appeals from the Board's first and second decisions. The trial court affirmed the Board's first decision denying the Stonebacks' application and reversed the Board's second decision. On appeal, this Court affirmed the trial court's decision, concluding that raising the wolf hybrids did not constitute animal husbandry permitted in the Agricultural Preservation zoning district, and that the Stonebacks' second application was barred by the doctrine of res judicata. *See Upper Saucon Township v. Zoning Hearing Board of Upper Saucon Township,* 165 Pa. Cmwlth. 623, 645 A.2d 920 (1994), *appeal denied sub nom. Stoneback v. Upper Saucon Township,* 540 Pa. 615, 656 A.2d 120 (1995).

The Stonebacks then filed a petition for allowance of appeal with the Supreme Court [1] and filed their third zoning application with the Board, reiterating their allegation that the keeping and raising of wolf hybrids are permitted as animal husbandry and/or wildlife preservation. The Stonebacks also alleged in the alternative that their animals should be characterized as "dogs," not wolf-dog hybrids, and that the Ordinance is invalid as exclusionary for its failure to permit their animals in any zoning district of the Township.

At a hearing held on December 5, 1994 on their third application, the Stonebacks sought to present the testimony to show that their animals are "dogs," not wolf hybrids, and can be registered as "wolf dogs" with a dog breeder organization.[2] The objectors argued that the doctrines of res judicata and collateral estoppel precluded the Stonebacks from proceeding with the third application to raise the same issues already decided in the previous proceedings.

In a decision issued on February 17, 1995, the Board denied the third application, concluding that the Stonebacks were barred by the doctrines of res judicata and collateral estoppel. On appeal, the trial court denied the Stonebacks' motion for leave to present additional evidence and affirmed the Board's decision. The Stonebacks' appeal to this Court followed.[3]

---

**1.** The Supreme Court denied the Stonebacks' petition for allowance of appeal on March 31, 1995.

**2.** At the hearing, the Stonebacks withdrew its contention that the use was permitted as wildlife preservation.

**3.** This Court's scope of review in zoning cases, where, as here, the trial court did not take any additional evidence, is limited to determining whether the Board committed an error of law or a manifest abuse of discretion. *Teazers, Inc. v. Zoning Board of Adjustment of the City of Philadelphia,* 682 A.2d 856 (Pa.Cmwlth.1996).

The Stonebacks contend that the doctrines of res judicata and collateral estoppel are inapplicable in this proceeding, and that the trial court abused its discretion in denying the motion for leave to present additional evidence.

 The doctrine of res judicata is applied sparingly in zoning matters because the need for flexibility outweighs the risk of repetitive litigations. *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975); *Price v. Bensalem Township Zoning Hearing Board,* 131 Pa.Cmwlth. 200, 569 A.2d 1030 (1990). Nonetheless, the doctrine will bar relitigation of the zoning matters, if there exists concurrence of the identity of (1) the thing sued for, (2) the cause of action, (3) the persons and parties to the action, and (4) the quality in the persons for or against whom the claim is made, and in addition, if there has been no substantial change in condition or circumstances relating to the land itself since the denial of the applicant's first application. *Schubach; Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970); *Mobil Oil Corp. v. Zoning Hearing Board of Tredyffrin Township,* 100 Pa.Cmwlth. 480, 515 A.2d 78 (1986).

 Under the doctrine of collateral estoppel, where a question of fact essential to the judgment has been actually litigated and determined by a valid and final judgment, such determination is conclusive between the parties in a subsequent action on a different cause of action. *Schubach.* For an issue of fact to be binding in the subsequent proceeding, the parties must have had an opportunity to actually litigate the issue. *Id.*

 In the previous proceedings which involved the same parties, the Stonebacks characterized their animals as the wolf hybrids and asserted that their animals were domestic animals and that the use of the property for keeping and raising such animals was therefore permitted as animal husbandry. To support their assertion, the Stonebacks presented the testimony as to the biological and temperamental nature of their animals.

The Stonebacks' veterinarian testified that there is no biological difference between dogs and wolf hybrids, and that all domesticated dogs have some degree of wolf blood in them. William Stoneback testified that three of their animals had 87%, 87% and 90% wolf blood. He further testified as to whether their animals could be kept inside a dwelling at night. He admitted that the animals were destroying the interior of his home, and that he had to destroy one of the animals after it bit him.

In their third application, the Stonebacks raised the identical issues already decided by the Board in the previous proceedings, i.e., whether their use of the property for keeping and raising the same animals is permitted as "animal husbandry" under Section 202. C of the Ordinance and whether the Ordinance is invalid as exclusionary for its failure to permit maintenance of their animals in any zoning district.

By filing the third application, the Stonebacks in essence sought one more opportunity to establish their entitlement to the zoning relief. Since the Stonebacks had ample opportunities to litigate the same issues in the previous proceedings, they were precluded from relitigating those issues by the doctrines of res judicata and collateral estoppel.

 The Stonebacks argue, however, that the doctrine of res judicata is inapplicable because there has been a substantial change of circumstances. Generally, the Board is required to provide an applicant an opportunity to present evidence of an alleged substantial change in conditions or circumstances related to the land itself before determining whether res judicata is applicable. *Grim v. Borough of Boyertown,* 141 Pa.Cmwlth. 427, 595 A.2d 775 (1991); *Atlantic Richfield Co. v. City of Bethlehem,* 69 Pa.Cmwlth. 6, 450 A.2d 248 (1982).

 However, the change of circumstances alleged by the Stonebacks is not related to the land itself, which would prevent the application of the doctrine of res judicata. *See, e.g., Schubach* (the enlargement of the size of the subject land causing the two tracts to front on the heavily travelled traffic routes); and *Filanowski* (the subsequent zoning change for the abutting property rendering the subject property

landlocked). Rather, the alleged change of circumstances is related to the characteristics of their animals. The Stonebacks had ample opportunities to present such evidence in the previous proceedings. Therefore, the Board and the trial court properly rejected the Stonebacks' request to present such evidence.

The Stonebacks also rely on the 1993 amendment of the definition of a "domestic animal" under Section 1 of the Act of July 22, 1913, P.L. 928, *as amended,* 3 P.S. § 331, which includes "any equine animal or bovine animal, sheep, goat, pig, dog, cat, poultry, bird, fowl, or *any wild or semiwild animal* held in captivity."[4] The term "wild or semiwild animal" is defined as "a domestic animal which is now or historically has been found in the wild, including, but not limited to, bison, deer, elk, llamas or any species of foreign or domestic cattle, such as ankole, gayal and yak." *Id.*

It must be noted, however, that under Section 2961 of the Game and Wildlife Code, 34 Pa.C.S. § 2961, "all bears, coyotes, lions, tigers, leopards, jaguars, cheetahs, cougars, *wolves* and *any crossbreed of these animals*" are "exotic wildlife," not domestic animals. (Emphasis added.) Thus, contrary to the Stonebacks' argument the definition of a domestic animal under 3 P.S. § 331, which was enacted to regulate dangerous transmissible animal diseases, is not determinative of the issue of whether their animals are domestic animals for the purpose of zoning regulations.

 Moreover, it is well established that the doctrine of res judicata is applicable, even where there has been a change or new development in the law following the entry of the final judgment in the first action. *Bailey v. Harleysville Mutual Ins. Co.,* 341 Pa. Superior Ct. 420, 491 A.2d 888 (1985). Therefore, even assuming that the amended definition of a domestic animal under 3 P.S. § 331 is relevant in zoning matters, the doctrine of res judicata is still applicable in this matter.

The Stonebacks further argue that the application of res judicata is improper because the third application is based on "a new theory" that their animals are wolf dogs, not wolf-dog hybrids. It is true that the doctrine of res judicata is inapplicable in zoning matters, where the second application is based on a different theory under different provisions of the ordinance. *Harrington v. Zoning Hearing Board of East Vincent Township,* 117 Pa.Cmwlth. 197, 543 A.2d 226 (1988). However, regardless of the characterization placed on the same animals by the Stonebacks in this proceeding, the ultimate theory underlying their request for zoning relief remains the same, i.e., the entitlement to a permitted use as animal husbandry under Section 202.C of the Ordinance.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 19th day of August, 1997, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.

---

**4.** In the previous proceeding, this Court did not consider the Stoneback's argument that the wolf hybrids are domestic animals under the amended definition of 3 P.S. § 331.