David Folk and Joan Folk, : 
                  Appellants : 
                  : 
        v. : 
                  : 
Mifflin Township Zoning :   No. 969 C.D. 2023
Hearing Board :   Argued: May 7, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON                  FILED: June 5, 2024

David and Joan Folk (the Folks) appeal from the July 25, 2023 order of the Court of Common Pleas of the 26th Judicial District, Columbia County Branch (trial court), reversing the order of the Mifflin Township (the Township) Zoning Hearing Board (the Board), which denied the Folks' variance application. The trial court sustained the Folks' appeal and deemed their variance application approved with certain conditions. Upon review, we affirm in part, reverse in part, and remand this matter to the trial court in accordance with the following opinion.

## I. Background

The Folks operate a farm at 9 Butterfly Lane, Nescopeck, Pennsylvania (the Property), where they raise caterpillars, butterflies and chrysales for sale and for educational use. Reproduced Record (R.R.) at 1a, 7a-8a & 23a. By application dated June 15, 2021, the Folks requested a variance from the requirements of Article 3,

Section 307 of the Township's Zoning Ordinance (Ordinance),[1] which governs the Township's Agriculture District, to operate an "event center, retail and wedding venue" on the Property. *Id.* at 1a; *see also id.* at 93a-94a.[2] The Folks sought a hearing before the Board concerning the requested variance. *Id.* The Folks delivered their application by hand to Christopher Bower, the Township Zoning Officer (Zoning Officer), on June 16, 2021. Folks' Br., Appendix A at 1. The variance application clearly set forth the names and addresses of six adjoining property owners. *See* R.R. at 2a.

The Folks provided the following description of the Property and their use thereof in their variance application:

> We provide educational services to schools, daycares, scout groups, garden groups, non-profit groups and much more. We will offer an event and wedding venue in the pavilion, flight house and garden in addition to plants and livestock sales. We offer nature programming, private events and parties.
>
> The [P]roperty has adequate off[-]road parking to accommodate the venue attendance. The [P]roperty that the public will occupy is enclosed in a six (6)'[-]high wooden plank fence that can be secured. Two sides of the fence that border the neighbors that are close in proximity are planted with arborvitaes to reduce noise and enhance appearance as they mature ([c]urrently average seven (7)' [] high). Water runoff from the pavilion, future gift

---

[1] Mifflin Township, Pa., Ordinance (2019), available at https://drive.google.com/file/d/1d0YzWMg2daMBgy0g8GL71ad3qakXqqtS/view (last visited June 4, 2024). A copy of the Ordinance is also available at pages 62a to 295a of the reproduced record.

[2] Although the Folks also sought a variance from the requirements of Article 10, Section 100(C) of the Ordinance, they presumably intended to state that they were submitting their variance application in accordance with this section, as it delineates the Board's authority to hear and decide requests for variances. *See* R.R. at 1a & 217a-18a.

2

shop/retail space is captured and diverted to an onsite pond at the rear of the [P]roperty. In addition[,] we also capture the runoff from the adjacent property's home and garage and also divert this into the pond. All walkways are designed as permeable surfaces to facilitate in reducing all runoff while still being handicap accessible . . . .

The pavilion is capable of seating one hundred sixty[-]five (165) guest[s] plus wait staff and auxiliary personnel. The flight house and garden can accommodate an equal amount of guests. The venue is in the process of adding restrooms onsite in place of portable restrooms.

R.R. at 2a.

The Folks allege that "[v]ideo evidence" confirms that the Zoning Officer visited their [P]roperty and was handed the variance application on June 16, 2021. Folks' Br. at 10 n.5; *see also* R.R. at 20a-21a. The Zoning Officer issued a hearing notice stating that a public hearing on the Folks' use variance application would be held on August 26, 2021. *Id.* at 7a.

On August 26, 2021, David Folk (Mr. Folk) appeared and testified at the hearing *pro se* on behalf of the Folks. R.R. at 10a. Mr. Folk testified that the Property was used as a nature rehabilitation center and for programs involving butterflies. *Id.* at 11a. Mr. Folk also stated that "typically we have [events] limited to about 165 [guests] max," that both onsite and off-street parking was available, that walkways were permeable and handicap accessible, that water runoff is diverted to a pond, that all events on the Property would conclude by 10:30 p.m., that alcohol would be served only if the entire Property was rented, that a holding tank would be utilized for sewage, that the inside of the fence surrounding the Property was lined with arborvitae to assist with noise control, that the pavilion had 10 "LED" (light-emitting diode) lights, and that weddings would take place only during the summer. R.R. at 24a-33a. Further, Mr. Folk testified regarding the possible future

3

construction of a gift shop and restrooms. *Id.* at 25a. Mr. Folk also asserted that because the Zoning Officer received the variance application on June 16, 2021, "[t]he entire thing [was] past the 60-day period." *Id.* at 45a.

The Zoning Officer testified that the Folks' application was "incomplete," as he "had to go and research the [adjoining] property owners" to "make sure they were correct"; that he "always review[ed] applications to make sure that they're complete" and that "all the adjoiners are correct, that kind of thing"; and that "the completed application was done on 7/1." *Id.* at 45a. However, the Zoning Officer did not deny that he received the application on June 16, 2021. *See id.* The Zoning Officer also stated that the Board could approve the variance application "conditioned upon [the Folks] receiving land development approval from the [T]ownship." *Id.* at 43a. Further, the Zoning Officer testified that approving the variance application would permit the Folks to use the Property for "commercial/retail" use. *Id.* at 31a.

At the conclusion of the hearing, the Board announced its decision to deny the requested variance. *See* R.R. at 56a-57a. In a subsequent written decision expounding upon its denial, dated September 27, 2021, the Board explained that the Folks failed to satisfy the requisite criteria for obtaining a variance. *Id.* at 11a & 14a-15a. The Board also found that the proposed use of the Property to host weddings was not a use permitted by right, special exception or conditional use in the Agriculture District. *Id.* at 13a. The Board did not address Mr. Folk's assertion at the hearing that he was entitled to a deemed approval of the variance application because the Board failed to conduct the hearing within 60 days of receipt of the application. *See id.*

4

After the Board announced its decision, but prior to adjournment, the following discussion ensued:

[Mr. Folk:] Did you address the 60-day issue?[3]

---

[3] Section 908 of the Pennsylvania Municipalities Planning Code (MPC) (Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202) provides, in relevant part:

The [zoning hearing] board shall conduct hearings and make decisions in accordance with the following requirements:

(1) Public notice shall be given and written notice shall be given to the applicant, the zoning officer, such other persons as the governing body shall designate by ordinance and to any person who has made timely request for the same. Written notices shall be given at such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board. In addition to the written notice provided herein, written notice of said hearing shall be conspicuously posted on the affected tract of land at least one week prior to the hearing.

. . . .

(1.2) The first hearing before the [zoning hearing] board or hearing officer shall be commenced within 60 days from the date of receipt of the applicant's application, unless the applicant has agreed in writing to an extension of time. . . .

. . . .

(9) . . . [W]here the [zoning hearing] board . . . fails to commence, conduct or complete the required hearing as provided in subsection (1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided, the [zoning hearing] board shall give public notice of said decision within ten days from the last day

[Counsel for the Board:] I don't know that I need to necessarily address the 60-day issue because I'm not sure that you're entitled to any type of deemed approval for that. I would have to look at that further.

But I think the [Z]oning [O]fficer said the application was not complete when he received it because there was additional information that he needed to look at.

[Mr. Folk:] But that's not what your [O]rdinance says. The [Ordinance] says you have 60 days.

[Counsel for the Board:] Mr. Folk, if you think we're wrong, file an appeal to the court of common pleas. We're not going to try the case here today. We'll try it in a court of common pleas.

[Mr. Folk:] Okay. That's fine.

*Id.* at 59a-60a.[4]

---

it could have met to render a decision in the same manner as provided in subsection (1) of this section. If the [zoning hearing] board shall fail to provided such notice, the applicant may do so. Nothing in this subsection shall prejudice the right of any party opposing the applicant to appeal the decision to a court of competent jurisdiction.

53 P.S. § 10908(1), (1.2), (9).

[4] We observe that although the Folks did not object to the scheduling of the hearing due to the lapse of the 60-day time limit set forth in Section 908 of the MPC, 53 P.S. § 10908, this inaction did not subject the Folks to waiver of their entitlement to a deemed approval. *See Wistuk v. Lower Mt. Bethel Twp. Zoning Hearing Bd.*, 925 A.2d 768, 773 (Pa. 2007) (citing Section 908 of the MPC, 53 P.S. § 10908) ("hold[ing] that there is no general rule providing that any failure to object to the scheduling of proceedings before zoning hearing boards will result in a waiver of entitlement to a deemed approval," and concluding that "nothing in writing or of record fairly reflect[ed] any kind of affirmative agreement on [the a]ppellant's part to an extension" of the statutory time period). Further, we note that Mr. Folk's participation in the hearing did not waive the Folks' entitlement to the deemed approval. *See Nextel Partners, Inc. v. Clarks Summit Borough/Clarks Summit Borough Council*, 958 A.2d 587, 594-95 (Pa. Cmwlth. 2008) (holding that the

The Folks filed a notice of appeal with the trial court. R.R. at 297a. On July 25, 2023, the trial court issued the following order:

> [T]he [Folks]' appeal is SUSTAINED and deemed approval of the variance at issue is GRANTED so as to permit . . . a "wedding venue" use on the [s]ubject [p]remises, subject to the conditions agreed to on the record by the [Folks] at the August 26, 2021 hearing (including, but not limited to, a 10:30 p.m. cessation time). [The Board] shall, within ten (10) days of the date of this [o]rder, give public notice of the deemed approval of a wedding venue use at the [s]ubject [p]remises at 9 Butterfly Lane Nescopeck, PA 18635 on account of the conduct of a late variance hearing by the [Board] by publication in the Press Enterprise, a newspaper in general circulation in our judicial district. Further, within ten (10) days after the date of this [o]rder, [the Board] shall send such notice to each [of] the six (6) groups of adjacent owners listed at p. 3 of the Certificati[ed] Record, by first[-]class and certified mail. [The Board] shall certify of record the satisfaction of the notice requirements by filing a [c]ertificate of [s]ervice within twenty (20) days after the date of this [o]rder.

Folks' Br., Appendix A at 3. In an accompanying opinion, the trial court explained that the Folks' variance "[a]pplication was delivered and complete on June 16, 2021," noting the absence of "testimony that the list was inaccurate" and the statement of counsel for the Board at argument "that he had no information to that effect." *Id.* at 1-2. The trial court, therefore, concluded that because the August 26, 2021 hearing was held beyond the applicable 60-day deadline, it "ha[d] no choice"

---

"[a]pplicant's on-the-record conduct [did] not constitute a waiver of his right to assert a deemed approval," where the "[a]pplicant asserted its right to a deemed approval [at the hearing] and, when that was denied, then put on evidence at one hearing to demonstrate compliance with the conditional use requirements," underscoring the absence of any "affirmative statement indicating [the a]pplicant agreed to an extension in writing or on the record").

7

but to deem the variance request approved pursuant to Section 913.2(b)(2) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 10913.2(b)(2)[5] and Section 1002.J of the Ordinance.[6]  *Id.* at 2.  Notwithstanding the expiration of the timeframe for providing public notice of the deemed approval 10 days following the last day on which the Board could have rendered a timely decision,[7] the trial court ordered the Board to provide such notice to the six adjoining property owners listed in the variance application "as a matter of due process."  *Id.*  Further, the trial court rejected the Board's argument that a deemed approval would be a nullity on the basis that the Folks should have submitted a conditional use application instead.  *Id.*

On August 24, 2023, the Folks filed a notice of appeal with this Court. On September 25, 2023, the Folks filed a concise statement of errors raised on

---

[5] Added by Section 93 of the Act of December 21, 1988, P.L. 1329, No. 170.

The trial court subsequently acknowledged in an opinion issued on September 28, 2023, that Section 913.2 of the MPC, 53 P.S. § 10913.2, in fact governs deemed approvals of conditional use applications, and that Section 908 of the MPC, 53 P.S. § 10908, applies to the present case. *See* Folks' Br., Appendix B at 4 n.1.

[6] Section 1002.J of the Ordinance provides that

> [w]here the Board fails to commence, conduct, or complete the required hearing or fails to render a decision within the prescribed time period . . . , the decision shall be deemed to have been rendered in favor of the applicant, unless the applicant has agreed in writing or on the record to an extension of time.  When a decision is rendered in favor of the applicant due to a violation of the established time requirements, the . . . Board must give public notice of this decision within ten (10) days from the last day it could have met to render a timely decision.  If the Board fails to provide such notice, the applicant may do so.

R.R. at 222a-23a.

[7] *See supra* note 5.

8

appeal, asserting that the trial court erred in attaching conditions to the deemed approval of its variance application, in failing to grant the requested attorney fees and costs for the "forc[ed]" appeal resulting from the Township's failure to recognize the deemed approval, and in directing the Township to publicly advertise the deemed approval with conditions when "the conditions should not have been a part of the deemed approval."  R.R. at 338a-39a.

On September 28, 2023, the trial court issued an opinion pursuant to Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure,[8] incorporating its July 25, 2023 opinion by reference and addressing the errors raised in the Folks' concise statement.  Folks' Br., Appendix B at 1.  First, the trial court pointed out that the "application itself contains conditions."  *Id.*  The trial court reasoned further:

> It is clear that variance application[s] are not "fully integrated" documents.  The meat of a variance application and the detailed expression of a zoning applicant's plans are expressed at the variance hearing.  At the variance hearing of August 26, 2021 in the present case, the [Folks][9] provided details regarding their "application."  At the hearing, [the Folks] testified that they wanted

---

[8] Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure provides that

> [e]xcept as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, *if the reasons for the order do not already appear of record*, shall within the period set forth in Pa.R.A.P. 1931(a)(1) [(requiring the trial court to transmit the record to the appellate court within 60 days of the filing of the notice of appeal)] file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1) (emphasis added).

[9] As noted above, Mr. Folk testified on behalf of himself and his wife.

seating for 165 people "max[.]" . . . "The only thing" that [the Folks] want to add is a gift shop and restrooms. . . . The [Folks] confirmed that parking lots will be of a "permeable surface[.]" . . . All walkways are to be handicap accessible . . . . [The Folks] testified that they planned use a 32' x 60' pavilion with water discharged underground to a pond. . . . [Mr. Folk] acknowledged that all events would be "done" by 10:30 p.m. . . . [Mr. Folk] testified that his application anticipated alcohol sales only if the entire facility is rented, assured that RAMP[10] certified bartenders would be used and that insurance would be required. . . . [Mr. Folk] stated that his wedding venue activity would only be operated in the summer months. . . . [Mr. Folk] assured the [] Board that lighting would be limited to "10 lights up under the pavilion[.]" . . . The wedding guests would be limited to areas inside the existing fence. . . .[11]

*Id.* at 2 (citing R.R. at 25a-28a & 32a-33a). The trial court stated that despite "ma[king] assurances and provid[ing] details on what they intended in their application," the Folks "now [] want unregulated activity" and "should be estopped" from asserting that demand. *Id.*

The trial court also determined that the Folks waived their request for attorney fees and costs due to omission from their zoning appeal. Folks' Br., Appendix B at 3-4. Acknowledging that the Folks included this request in the conclusion to the July 19, 2023 brief submitted in support of their October 25, 2021 appeal, the trial court nevertheless concluded that "[a] brief is not equivalent to an amended pleading." *Id.* at 3. Further, the trial court noted that the Folks failed to

---

[10] "RAMP" presumably refers to the Responsible Alcohol Management Program administered by the Pennsylvania Liquor Control Board. *See Responsible Alcohol Management Program (RAMP)*: PENNSYLVANIA LIQUOR CONTROL BOARD, available at https://www.lcb.pa.gov/Education/RAMP/Pages/default.aspx (last visited June 4, 2024).

[11] The Zoning Officer testified: "I think what [Mr. Folk] is saying is the wedding party people would only be inside [the] fenced area." R.R. at 40a. Mr. Folk did not object. *See id.*

raise this issue at the August 26, 2021 hearing before the Board. *Id.* Despite acknowledging that it did not possess a transcript of oral argument on July 24, 2023, the trial court maintained that, to the best of its "recollection," the Folks did not include a request for attorney fees and costs during the trial court proceedings, either. *Id.*[12]

## II. Issues

Before this Court,[13] the Folks argue that the trial court erred in limiting the deemed approval "to the conditions discussed at the appeal hearing." Folks' Br. at 10. The Folks contend that on the 61st day following the date of receipt of their variance application (*i.e.*, June 16, 2021), the application was subject to deemed approval as submitted. *See id.* at 15 & 17 (citing *Evers v. Clarks Summit Borough/Borough Council* (Pa. Cmwlth., No. 871 C.D. 2010, filed Sept. 22, 2011),

---

[12] The trial court also stated that the Folks "[sought] to have [its] judgment to provide notice to adjoining landowners reversed," but deemed this issue moot as such notice was already provided and no neighbor had intervened or appealed. Folks' Br., Appendix B at 4-5. We observe, however, that in their July 19, 2023 brief in support of their zoning appeal, the Folks in fact "respectfully request[ed] that the trial court order the [Board] to post and advertise the [P]roperty as 'deemed approved[]' immediately after the issuance of the [o]rder[,] thereby triggering all interested persons an opportunity to file an appeal[.]" R.R. at 315a. Further, in their concise statement of errors complained of on appeal, the Folks did not challenge the posting of notice in and of itself, but rather asserted that the trial court erred in directing the Township to publicly advertise the deemed approval with conditions, as "the conditions should not have been a part of the deemed approval." *Id.* at 339a.

[13] In a case where the trial court takes no additional evidence, but makes its own findings based on the record before the zoning hearing board, we examine the trial court's decision for evidentiary support, and the standard of our review is whether the trial court committed an abuse of discretion or an error of law. *E. Consol. & Distrib. Servs., Inc. v. Bd. of Comm'rs of Hampden Twp.*, 701 A.2d 621, 623 (Pa. Cmwlth. 1997) (additional citations omitted).

11

(Brobson, J., dissenting), dissenting op. at 4;[14] R.R. at 1a). Thus, the Folks insist that "[t]he trial court erred in adding conditions that were not agreed to by either party," asserting that they "did not alter their application after the approval was deemed to be granted" and that the trial "court [c]ould not unilaterally do the same." *Id.* at 17. Moreover, the Folks reason that "[t]he conditions that were discussed during the zoning hearing were roundly rejected by the . . . [B]oard when they rejected the application." *Id.* The Folks also contend that the Board should not have held the August 26, 2021 hearing, as the Folks were already entitled the deemed approval by that point. *Id.* at 10. Thus, the Folks request that this Court reverse the trial court's imposition of conditions on the deemed approval. Folks' Br. at 19.

The Folks also contend that the Board's failure to acknowledge the deemed approval "forced [them] to file an appeal," thereby costing them "substantial amounts in attorney[] fees as well as delays in [their] operations." *Id.* at 17-18. The Folks maintain that the Board's refusal to consider whether they were entitled to a deemed approval was not merely a good faith misunderstanding or misinterpretation of applicable law, but rather exhibited obdurateness for purposes of Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7).[15] *Id.* The Folks, therefore, ask this Court to remand the matter to the trial court to address whether the Board exhibited obdurate, vexatious or dilatory conduct warranting an award of attorney fees and costs. *Id.* at 18 (citing Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7)).

---

[14] This unreported decision is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[15] Section 2503(7) of the Judicial Code provides that certain persons "shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter," including "[a]ny participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7).

12

The Folks also request that this Court award "counsel fees and damages . . . pursuant to Pa.R.[Civ.]P. 2744[16] for the reasons articulated above"—*i.e.*, on the basis that the Board's failure to recognize their entitlement to a deemed approval forced them to file an unnecessary appeal with the trial court. *Id.* Further, the Folks ask this Court to order that the Board "post and advertise the property as 'deemed approved,' without adding any language as to conditions placed on the approval, thereby . . . triggering all interested persons an opportunity to file an appeal on the merits of the decision."[17] *Id.* at 19.

The Board counters that the trial court did not err or abuse its discretion in imposing conditions on the deemed approval based on information provided by the Folks in their variance application and at the August 26, 2021 hearing. Board's

---

[16] The Folks presumably intended to reference Rule 2744 of the Pennsylvania Rules of Appellate Procedure, which provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
>> (1) a reasonable counsel fee and
>>
>> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744.

[17] The Folks allege that no appeals have been filed since the original advertisement of the deemed approval with conditions was issued. Folks' Br. at 19.

13

Br. at 10-12 (citing R.R. at 2a, 24a-28a, 32a-33a & 40a). The Board also contends that the Folks fail to identify any binding precedent indicating that the trial court erred in imposing the conditions, underscoring the Folks' reliance on the dissent to the unpublished *Evers* opinion. *Id.* at 12. Moreover, the Board asserts that the majority opinion in *Evers* in fact supports the trial court's imposition of conditions on the deemed approval in the present case. *Id.*

The Board also maintains that the Folks waived their request for attorney fees and costs due to omission from their zoning appeal, noting that the Folks first raised the issue in the brief submitted to the trial court on July 19, 2023, prior to oral argument. Board's Br. at 16 (citing R.R. at 306a) (citing *Newtown Square East, L.P. v. Town of Newtown Square*, 38 A.3d 1008 (Pa. Cmwlth. 2011) (citing *Hertzberg v. Zoning Bd. of Adjustment of City of Pittsburgh*, 721 A.2d 43, 45 (Pa. 1998))). Regardless, the Board maintains that the Folks fail to establish an egregious pattern of conduct on the part of the Board, as is necessary to demonstrate entitlement to attorney fees under Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7). *Id.* at 20 (citing *Morgan v. Morgan*, 193 A.3d 999 (Pa. Super. 2018)).

### III. Discussion
### A. "Deemed Approval" with Conditions

The Folks contend that the trial court erred in deeming their variance application approved with conditions, relying on the dissent in this Court's unpublished opinion in *Evers*. Folks' Br. at 15 & 17. The Board counters that the trial court did not err or abuse its discretion in imposing conditions on the deemed approval based on information provided by the Folks in their variance application and at the August 26, 2021 hearing and, further, that the majority opinion in *Evers*

14

supports the trial court's attachment of conditions to the deemed approval. Board's Br. at 10-12.

The issue before this Court in *Evers* was "whether [the b]orough [council could] consider changes to the size of [a] leased site after a[] [conditional use] application which was based on [the original] leased site was deemed approved." *Evers*, slip op. at 13.[18] Answering this question in the affirmative, we held:

> The proposed changes which increased the leased site area were favorable to the [b]orough and were ostensibly done to conform to the [b]orough's [o]rdinance. . . .
>
> The [d]issent contends that an applicant should not be allowed to make concessions in his application after it is approved (or deemed approved). In other words, even if the applicant wants to change his application to meet ordinance requirements he may not do so.
>
> Contrary to the [d]issent, there is nothing in the law which states that an applicant may not, after his application is approved[] (deemed or not), modify his application to reflect compliance with ordinance requirements. In fact, this practice is often done, and is appropriate unless the change or modification <u>changes the issues</u> before the [zoning hearing b]oard. The change of the lot dimensions . . . did not change any issue before the [zoning hearing b]oard, such that a new application before the [z]oning [o]fficer was necessary. Robert S. Ryan, *Pennsylvania Zoning Law and Practice* § 9.4.11 (1970)[,] explains that amendments of this type which are designed to conform the application to the requirements of the ordinance are allowed. . . .

---

[18] The trial court considered supplemental information submitted by the corporation after the effective date of the "deemed approval"—*i.e.*, more than 60 days after the filing of the conditional use application. *Evers*, slip op. at 1 & 11-12 (citing Section 913.2(b)(2) of the MPC, 53 P.S. § 10913.2(b)(2)).

15

> The issue before [b]orough [c]ouncil, before and after . . . the effective date of the deemed approval[], was always whether [the corporation] was entitled to a conditional use approval to install a . . . monopole on [leased property]. . . . The increase in size of the leased site did not modify or change that basic issue. The supplemental information was clearly submitted as part of the original conditional use application process, following consultation with the [b]orough officials and in response to comments from the [b]orough [e]ngineer.

*Id.*, slip op. at 13-15 (footnote and quotation marks omitted).

Whereas, in *Evers*, the conditional use applicant proposed increasing the area of the leased lot following the effective date of the deemed approval "as part of the original conditional use application process" in order to conform its application to the borough's minimum lot size requirements, here, the testimony of Mr. Folk on which the trial court based the challenged conditions did not pertain to satisfying specific Ordinance requirements—*i.e.*, lot size, setbacks, etc. *See Evers*, slip op. at 14-15. Rather, the "conditions" imposed were drawn from testimony offered by Mr. Folk in support of his variance application that was already deemed approved. *See Ulsh v. Zoning Hearing Bd. of Lower Paxton Twp.*, 22 A.3d 244, 251-52 (Pa. Cmwlth. 2011) (citation and footnote omitted) (explaining that "[t]his Court has recognized that the "deemed approval" language in Section 908(9) of the [MPC], 53 P.S. § 10908(9)[,] means the application will be deemed approved *by operation of law* when a municipality fails to timely act on a[n] . . . application") (emphasis added); *Gryshuk v. Kolb*, 685 A.2d 629, 631 & 634 (Pa. Cmwlth. 1996) (acknowledging that a deemed approval pursuant to Section 908(9) of the MPC, 53 P.S. § 10908(9), is "made . . . by operation of law"). Thus, the narrow exception recognized in *Evers* for accepting information provided by an applicant following

16

the effective date of a deemed approval where such information pertains to furthering compliance with zoning requirements[19] is inapplicable here.

Regarding the trial court's critique of the Folks' appeal as seeking "unregulated activity," we emphasize that the deemed approval is limited to allowing the commercial/retail use requested by the Folks in their application. The Folks requested a variance from the use requirements of Section 307 of the Ordinance in order to pursue a commercial enterprise in the form of a "retail and wedding venue" on the Property. R.R. at 2a. The deemed approval of this variance means that the use will exist in the current zoning district (agricultural) as a nonconforming commercial/retail use. *See Sico v. Indiana Twp. Zoning Hearing Bd.*, 646 A.2d 655, 660 (Pa. Cmwlth. 1994) (stating that "the rights of a nonconforming use are not such as to give it any greater standing than a conforming use in the same district; either one will be allowed to go beyond ordinance dimensional limitations only if a variance is obtained") (citation omitted); *Namcorp, Inc. v. Zoning Hearing Bd. of Horsham Twp.*, 558 A.2d 898, 902 (Pa. Cmwlth. 1989) (holding that "nonconforming uses are not entitled to any greater rights merely because of their status as a nonconforming use"). Further, the Ordinance contains Section 413, which governs all retail establishments in the Township. *See* R.R. at 117a-19a (stating that "every proposed retail establishment shall meet the requirements outlined below[, pertaining to, *inter alia*, noise control, sewage, outdoor lighting, parking and advertising,] as well as the standards set forth in the most current version of the Mifflin Township Subdivision and Land Development Ordinance").

---

[19] As noted above, the information must also not have the effect of changing the issues before the Board. *See Evers*, slip op. at 14.

We, therefore, agree with the Folks that the trial court erred in imposing conditions on the deemed approval of their variance application based on the testimony of Mr. Folk at the August 26, 2021 hearing. *See All State Signz Co. v. Burgettstown Borough*, 154 A.3d 416, 420 (Pa. Cmwlth. 2017) (quoting *Gibraltar Rock, Inc. v. New Hanover Twp. Zoning Hearing Bd.*, 68 A.3d 1012, 1018 (Pa. Cmwlth. 2013)) (stating that "[w]hen an applicant seeks a deemed approval of its zoning application, '[t]he merits of the application are irrelevant; a board's inaction will subject it to a writ of mandamus ordering a deemed decision'"). Thus, as of the 61st day following the Zoning Officer's receipt of the Folks' variance application, the application was deemed approved *as submitted*. *See* Section 908(1.2), (9) of the MPC, 53 P.S. § 10908(1.2), (9); *see also* Folks' Br. at 15 & 17.

### B. Attorney Fees, Costs and Damages

We agree with the Board and the trial court that the Folks waived their request for attorney fees, costs and damages due to omission from their zoning appeal. As noted by the trial court, the Folks first raised this issue in the conclusion to the July 19, 2023 brief submitted in support of their zoning appeal nearly two years following the filing of that appeal on October 25, 2021.[20] *See* R.R. at 315a;[21]

---

[20] The trial court also stated that, to the best of its "recollection," the Folks did not request attorney fees and costs during the trial court proceedings. Folks' Br., Appendix B at 3. However, we disagree with the trial court that the Folks should have included this request during the August 26, 2021 hearing before the Board, as the Folks presently seek attorney fees, costs and damages on the basis that the Board's failure to acknowledge the deemed approval "forced" them to incur the expense and delay of pursuing an appeal. Folks' Br. at 17-18.

[21] In the conclusion to their July 19, 2023 brief submitted to the trial court in support of their zoning appeal, the Folks simply "request[ed] all other relief as permitted, including costs, attorney fees, and any damages for delay as permitted by law[.]" R.R. at 315a. The Folks first

18

*Hertzberg*, 721 A.2d at 46 n.5 (noting that this "Court correctly determined that [an] objector to a variance request] had not preserved [an] issue," where "the trial court found [the] issue had been waived" on the basis that the objector "did not . . . raise the issue in his notice of appeal"); *cf. Newtown Square East, L.P.*, 38 A.3d at 1017 (holding that the appellant waived an issue by first raising it in the brief in support of its appeal submitted to the trial court more than five months after the expiration of the 30-day appeal period, noting the appellant's omission of the issue from both its initial and amended notices of appeal). Moreover, the Folks failed to file a petition for fees pursuant to Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503, within 30 days of the trial court's final order. *See In re Estate of Bechtel*, 92 A.3d 833, 843 (Pa. Super. 2014) (stating that "a trial court may consider a petition for fees filed within 30 days of the entry of final judgment") (citing Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505).[22] Thus, we agree that the Folks waived their request for attorney fees, costs and damages. *See In re Pitone's Estate*, 443 A.2d 349, 352 n.5 (Pa. Super. 1982) (deeming a request for attorney fees pursuant to Section 2503(7) and (9) of the Judicial Code, 42 Pa.C.S. § 2503(7), (9), waived due to the "appellees' failure to preserve it in the lower court").

---

cited Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7), in support of their request before this Court.

[22] Section 5505 of the Judicial Code states that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. We note that "[a] motion for counsel fees under 42 Pa.C.S. § 2503 is an ancillary matter separate from the appeal of the trial court's judgment in the case. . . . The filing of an appeal therefore does not divest the trial court of jurisdiction over such a motion for counsel fees." *Ness v. York Twp. Bd. of Comm'rs*, 123 A.3d 1166, 1170 (Pa. Cmwlth. 2015).

19

Further, we cannot grant the Folks' request that this Court award attorney fees, costs and damages pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744, on the basis of the Board's purportedly obdurate, vexatious and dilatory conduct in failing to address whether the Folks were entitled to a deemed approval of their variance application *during the proceedings before the Board*. The "Commonwealth Court, sitting as an appellate court, ha[s] no power under any statute or rule to award counsel fees *for proceedings below*." *Gossman v. Lower Chanceford Twp. Bd. of Supers.*, 469 A.2d 996, 999 (Pa. 1983) (emphasis added) (citing Pa.R.A.P. 2744) (noting that "Common Pleas may, in an appropriate case, award counsel fees under [Section 2503 of the Judicial Code,] 42 Pa.C.S. § 2503[,] . . . for proceedings brought in that court"). Further, although an "appellate court [may] properly award further costs [] for vexatious or obdurate continuation of litigation through a frivolous appeal," here, the Folks filed the instant appeal to this Court. *Id.* We, therefore, deny the Folks' request. *See id.*

## IV. Conclusion

Accordingly, we affirm the trial court's July 25, 2023 order to the extent the trial court deemed the Folks' variance application approved. However, we reverse the trial court's imposition of conditions on the deemed approval. We remand this matter to the trial court to issue an order deeming the Folks' variance request approved without conditions and to order the Board to re-post public notice of the deemed approval without conditions. We also affirm the determination of the

20

trial court that the Folks waived their request for attorney fees, costs and damages.[23]

_____

CHRISTINE FIZZANO CANNON, Judge

---

[23] Although the trial court addressed the issue of attorney fees in its opinion issued in response to the Folks' concise statement of errors raised on appeal, the trial court did not address the issue of attorney fees, costs and damages in its July 25, 2023 opinion and order, presumably due to the Folks' failure to preserve the issue for review. *See In re Pitone's Estate*, 443 A.2d at 352 n.5.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Folk and Joan Folk,       :
                Appellants    :
                            :
          v.               :
                            :
Mifflin Township Zoning      :     No. 969 C.D. 2023
Hearing Board              :

**O R D E R**

AND NOW, this 5th day of June, 2024, the July 25, 2023 order of the Court of Common Pleas of the 26th Judicial District, Columbia County Branch (trial court), is AFFIRMED to the extent the trial court deemed approved the variance request submitted by David and Joan Folk (the Folks) on June 16, 2021 and REVERSED to the extent the trial court imposed conditions on the deemed approval. This matter is remanded to the trial court to issue an order deeming the variance request approved without conditions. On remand, the trial court shall also order the Mifflin Township Zoning Hearing Board to re-post public notice of the deemed approval without conditions. The July 25, 2023 order of the trial court is also affirmed to the extent the trial court concluded that the Folks waived their request for attorney fees, costs and damages.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge